ROBERT P. SMITH, Jr., Chief Judge.
Barnes appeals his judgment of conviction for armed robbery and six counts of aggravated assault, contesting the trial court’s denial of his motion to suppress certain evidence of the robbery. He contends the court erred in finding exigent circumstances justifying the warrantless search of his automobile, which yielded evidence of his identity leading to his arrest and seizure of the challenged evidence. We affirm.
The evidence discloses that Barnes held up a restaurant at gunpoint, threatened several of its patrons in its parking lot as he fled, and then took off in what witnesses told police was a small red foreign car bearing a certain license tag number. Within 45 to 50 minutes after the robbery, police located this car at a busy motel a mile and a half away. Officials told police they could not trace ownership of the car through the tag number until the following morning. The motel register disclosed no guest with a car bearing this license number. Inquiry by the police at rooms on two floors of the motel produced no leads. At this point, police searched the car based on a belief it would contain evidence to help them continue their investigation quickly. The search turned up a bill of sale of the car to an individual registered at the motel, then arrested, who turned out to be Barnes.
Under these facts, we find sufficient exigent or emergency circumstances to justify the immediate warrantless search of the car for clues to the identity and location of the robber. As the District of Columbia Circuit Court of Appeals observed in the similar case of United States v. Robinson, 533 F.2d 578, 583 (D.C. Cir. 1976):
There was a need to proceed as quickly as possible to apprehend the robbers who had used this as the getaway car in an armed bank robbery consummated about an hour prior to the search. There was strong probable cause to believe this was the getaway car. Bank robbers known to have been armed were at large, posing current dangers to the police and other citizens. An immediate search of the car could well produce the information needed to speedily apprehend the culprits. Delay to obtain a warrant would have impeded a promising police investigation and conceivably produce the added time needed by the bank robbers to avoid capture altogether.
See also United States v. Shye, 473 F.2d 1061 (6th Cir. 1973).
We find no other error, so the judgment of conviction is AFFIRMED.
McCORD and MILLS, JJ., concur.