503 So.2d 455 (1987)
Bruce Edward DUKES, a/k/a Bruce Williams, Appellant,
v.
STATE of Florida, Appellee.
No. 86-286.
District Court of Appeal of Florida, Second District.
March 6, 1987.
Loyd C. Mosley, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals from his conviction and sentence for armed robbery, possession of a short-barreled shotgun and aggravated battery. We affirm.
Defendant robbed a convenience store. Armed with a short-barreled shotgun, he entered the store, displayed the gun, and ordered the clerk to lie on the floor while an accomplice took money from the register and placed it in a brown paper bag. As the pair left the store with the money, defendant struck an incoming patron in the face with the gun. A companion of the patron who was struck ran from the store and saw one of the robbers leave the area in a yellow van. A BOLO was issued on the van within minutes of the robbery. A short time later a van of that description was located in a shopping plaza parking lot. A witness who lived near the convenience store reported to the police seeing a yellow van driving past her house twice at about *456 the time of the robbery. That witness was taken to the parking lot by police and identified the yellow van as the one that drove past her house.
A check of the van's tag number showed ownership by defendant. It was also determined that defendant's palm print had been found alongside a cash register at the scene of another recent convenience store robbery nearby.
The police began a stakeout of the van which ended some twenty-five hours later when defendant and three other individuals approached the van in a car, attached a cable to the van and began towing it away. The police then stopped the van and searched it, purportedly pursuant to the driver's consent. The search produced the shotgun and the bag of stolen money which were admitted into evidence at the trial.
The trial court denied defendant's motion to suppress that evidence on the basis that the police had both probable cause and consent to search the van.
On appeal, the defendant raises five issues, three of which we discuss.
Citing Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), defendant contends the police should have obtained a warrant to search the van. He argues that the van had been under surveillance for twenty-five hours with the intent to search it. However, a warrantless search of an automobile may be valid if there is probable cause to believe that it contains contraband and there are exigent circumstances. Ulesky v. State, 379 So.2d 121, 125 (Fla. 5th DCA 1979). The trial judge was entitled to conclude that there was a sufficient basis for a belief by the officers that the van contained contraband. See Barnes v. State, 406 So.2d 84 (Fla. 1st DCA 1981); Beck v. State, 181 So.2d 659 (Fla. 2d DCA 1966). The attempt to move the van out of the area, which could have happened at any time, created the exigent circumstances. See G.J.S. v. State, 393 So.2d 14 (Fla. 5th DCA 1980). See also Coolidge, supra. We therefore need not address the lack of consent contention.
Defendant also contends the trial judge erred in denying defendant's motion to discharge defendant's counsel and to grant a continuance. The motion was made after the jury had been impaneled and as the state was about to call its first witness. The judge denied the motion without conducting the type of hearing described in Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), with respect to the discharge of defense counsel. But no such hearing was required because the motion was not made until after the trial had begun. See Nelson. The failure to grant a continuance was not an abuse of discretion. See Mobley v. State, 327 So.2d 900 (Fla. 3d DCA 1976).
The final contention of defendant which we address concerns the sentencing. Defendant contends that separate sentences for the three charges were improper because the offenses occurred simultaneously. We disagree. Section 775.021(4), Florida Statutes (1977), provided that if in "the course of one criminal transaction or episode, [a defendant] commits an act or acts constituting a violation of two or more criminal statutes ... [he] shall be sentenced separately for each criminal offense." Separate offenses exist if each offense requires an element not required for the other. See Rotenberry v. State, 468 So.2d 971 (Fla. 1985); Taffer v. State, 504 So.2d 436 (Fla. 2d DCA 1987). Each of the three offenses here clearly requires proof of an element not required by any of the others. There was no error in the sentencing.
We find no merit in defendant's other contentions.
Affirmed.
DANAHY, C.J., and BOARDMAN, EDWARD F., (Ret.) J., concur.