608 So.2d 133 (1992)
Jay Nelson LOCKWOOD, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2937.
District Court of Appeal of Florida, Fourth District.
November 12, 1992.
Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for appellee.
*134 PER CURIAM.
We affirm appellant's convictions but remand for resentencing. We agree with appellant that the trial court failed to conduct the proper inquiry after appellant attempted to discharge counsel immediately after trial, but before sentencing. While a defendant is not entitled to any specific outcome, he is entitled to a proper resolution of his motion to discharge counsel, especially here, where his counsel joined in the motion. See Hardwick v. State, 521 So.2d 1071 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988); Gurchick v. State, 439 So.2d 1002 (Fla. 2d DCA 1983); Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).
Our remand is without prejudice to appellant's right to seek a new trial on any grounds, that issue necessarily dependent to some extent on the outcome of appellant's effort to discharge trial counsel. We do note, however, that there is no procedural bar to appellant raising claims of ineffective assistant of counsel in a motion for new trial. Cf. Combs v. State, 403 So.2d 418 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2258, 72 L.Ed.2d 862 (1982).
ANSTEAD, DELL and FARMER, JJ., concur.