PER CURIAM.
We affirm the convictions and sentences of defendant, Paul Timothy Newell [“Newell”].[1] The record shows that the lower court deemed Newell’s complaints about his counsel at the inception of the trial to have been untimely. Speedy trial had run and the jury had been impaneled. The defendant refused to waive his rights under Florida Rule of Criminal Procedure 3.191. Dukes v. State, 503 So.2d 455 (Fla. 2d DCA 1987). It was not reversible error to fail to conduct a Nelson[2] inquiry at the stage in the proceeding that the complaint was lodged. Given the procedural posture of the case and the fact that speedy trial had expired, it was unclear whether the court could have given any Nelson relief. If, in fact, defendant’s counsel had not properly prepared for trial, appellant has recourse to post-conviction remedies for ineffective assistance of counsel.
AFFIRMED.
HARRIS, C.J., and GRIFFIN and THOMPSON, JJ., concur.

. We see no merit in the defendant's attack on his habitual violent offender sentence.

. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).