659 So.2d 1311 (1995)
Navara K. HORNE, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1542.
District Court of Appeal of Florida, Fourth District.
September 6, 1995.
Richard L. Jorandby, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia A. Ash, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, Judge.
Appellant, who was convicted of possession of firearm by a convicted felon, argues that *1312 he is entitled to a new trial because the court failed to conduct an adequate inquiry into his request to discharge counsel. We agree and reverse.
On the morning of trial, the presiding judge advised appellant that she would treat appellant's letters to Judge Rapp, in which he complained about the inadequacy of his representation, as a motion for discharge of counsel:
THE COURT: Mr. Horne, did you want to address the Court?
THE DEFENDANT: Yes, sir.
I was trying to get my lawyer to try to get me another attorney, because I don't feel like he's representing me in the proper manner, and I don't think he's really interested in my innocence. Because he never contacted me. I never did  I don't know where my case is standing at. I don't know what my odds is as far as winning a trial or nothing. All I know is, we come to court, they tell me, hey, we're set for trial such and such as date, and so forth and so on.
That ain't telling me nothing. I mean, these are very serious cases.
THE COURT: What we have here this morning is a possession of a firearm by a convicted felon.
THE DEFENDANT: Yeah.
And I had told  I mean, I wrote to the Bar. I sent motions to Judge Sholts  to the Bar for all that. And it ain't just like I'm just trying to do this because trial come up; I've been trying to get me another lawyer.
Nobody ain't never done nothing for me.
THE COURT: All right. Mr. Gundling?
MR. GUNDLING: Judge, the only thing I'd like to say, you know, for the record, is that it's my opinion that any attorney-client relationship that may have existed at any time, no longer exists. Mr. Horne is totally suspicious of anything that I say, any recommendations that I make.
He refuses to talk with me. It makes it extremely difficult for me to properly represent him. He feels that I'm not accurately representing him in this matter, and I don't  at the present time, I don't really feel that there's any attorney-client relationship. I can't talk with the man. He refuses to talk with me.
I ask him questions and he just complains about what I'm saying to him. I don't think I can adequately represent him under those circumstances.
That's all I want to let the Court know.
THE COURT: Fine. But I think its a little inappropriate to have this brought to my attention on the morning of the trial, after we've been on a trial docket.
When was this fella first set for trial?
THE CLERK: He was originally set for trial on June 29th of 1992.
THE DEFENDANT: I even talked 
THE COURT: June 29th of 1992?
THE CLERK: Yes.
THE COURT: Well 
MR. GUNDLING: He has previously filed, I believe, Motions to Discharge me as his attorney, and back at this time it was, I think, Judge Sholts at that time denied it, as far as my recollection goes.
THE COURT: Well, I'm going to deny this motion.
We agree with appellant that the trial court did not make "a sufficient inquiry of the defendant and his appointed counsel to determine whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant." Nelson v. State, 274 So.2d 256, 258-59 (Fla. 4th DCA 1973), adopted in Hardwick v. State, 521 So.2d 1071 (Fla. 1988).
It appears that the trial court did not follow Nelson because this problem was being brought to the court's attention on the morning of trial. If that was the reason the *1313 court did not proceed further it was factually incorrect, since, as the above colloquy shows, appellant had previously written the court to complain about the adequacy of his counsel and had voiced an earlier complaint when his case was pending before a different judge. Even if defendant's complaint had been made for the first time on the morning of trial, we know of no reason why that would be too late, since it appears that is when the complaints about inadequate counsel were made in Nelson and Hardwick.
The court also erred in admitting, over appellant's hearsay objection, testimony from the arresting officer that the dispatcher, in describing the suspect, included the fact that he had a handgun. This incriminating hearsay testimony was highly prejudicial (the charge was possession of a firearm by a convicted felon) and clearly inadmissible. Conley v. State, 620 So.2d 180 (Fla. 1993), and Harris v. State, 544 So.2d 322 (Fla. 4th DCA 1989).
Reversed and remanded for a new trial.
STONE, J., and MAY, MELANIE, Associate Judges, concur.