689 So.2d 1245 (1997)
Michael HAUGABOOK, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1764.
District Court of Appeal of Florida, Fourth District.
March 19, 1997.
Richard L. Jorandby, Public Defender, and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carol Cobourn Asbury, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, Judge.
Appellant, Michael Haugabook, was convicted of an assortment of criminal offenses, unnecessary to catalogue here, and sentenced as an habitual offender. We affirm the judgment and sentence, but write to address appellant's claim that the trial court erred in failing to conduct a Nelson inquiry when appellant complained during trial about his counsel's effectiveness.
In Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), approved, Hardwick v. State, 521 So.2d 1071 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988), this court explained:
[W]here a defendant, before the commencement of trial, makes it appear to the trial judge that he desires to discharge his court appointed counsel, the trial judge, in order to protect the indigent's right to effective counsel, should make an inquiry of the defendant as to the reason for the request to discharge. If incompetency of counsel is assigned by the defendant as the reason, or a reason, the trial judge should make a sufficient inquiry of the defendant and his appointed counsel to determine whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant. If reasonable cause for such belief appears, the court should make a finding to that effect on the record and appoint a substitute attorney who should be allowed adequate time to prepare the defense.
Id. at 258-59 (emphasis added).
In the present case, after the prosecution rested, the following colloquy took place:
THE DEFENDANT: Your Honor, I don't want to cause no shame on this court. I don't want to get up on that stand and say what I got to say because I don't feel like my attorney is representing me properly because he has never tried to contest the statement of the officer and they got conflicting statements on this tape. And that juror right there, he looking at me like he already know I'm going to be found guilty. So I feel like I ain't get no justice. The State ain't shown no probable cause why *1246 they strike all the black jurors on my case. I'm on trial with all white officers and all white jury, how am I going to get a fair trial? How I'm going to be tried fair?
THE COURT: Well, if you have some complaints, you can take an appeal afterwards. But the case is going to proceed.
We agree with the State's position that no Nelson inquiry was required on defendant's "motion" to discharge counsel because, being made after the commencement of trial, the motion was untimely.[1] We concur with the second district's holding in Dukes v. State, 503 So.2d 455 (Fla. 2d DCA 1987), that a trial judge is not required to conduct a Nelson hearing when a motion to discharge counsel is made only after the trial has already begun. When a defendant first registers his dissatisfaction with counsel's representation in the midst of trial, it would be impracticable for the trial judge to stop the proceedings and hold the type of hearing mandated by Nelson. Indeed, a defendant could compel the trial judge to halt the proceedings and conduct this ancillary hearing based on every single tactical action trial counsel takes that the defendant disagrees with. The rule in Nelson was designed as a prophylactic measure to prevent a trial from commencingnot to abort a trial already in progress. Of course, the defendant who alleges ineffective assistance of counsel during the course of the trial will have the opportunity, if necessary, to obtain post-trial relief through rule 3.850.
We easily reconcile this result with a seemingly contrary outcome in Lockwood v. State, 608 So.2d 133 (Fla. 4th DCA 1992), where the defendant filed a motion to discharge his trial counsel after the trial but before sentencing. This court affirmed the defendant's convictions, but remanded for resentencing, holding that the court failed to conduct "the proper inquiry." Id. In Lockwood, the motion was made after the trial on the merits was completed; the only thing that remained was the separate sentencing hearing. Because the sentencing proceedings had not yet begun, no disruption would have been caused had the trial judge conducted an inquiry into any claim that defense counsel had inadequately prepared for the pending sentencing hearing.[2]
AFFIRMED.
FARMER and GROSS, JJ., concur.
NOTES
[1] We disagree with the State's contention that appellant did not adequately place the trial court on notice that he wanted to discharge his counsel. No magic words are required. Appellant's unequivocal expression of dissatisfaction with his counsel should have been enough to "make it appear to the trial judge" that appellant wanted to discharge his counsel. Nelson, 274 So.2d at 258. Appellant clearly alleged ineffectiveness of his counsel and specifically pointed to defense counsel's failure to raise an adequate Neil objection when black jurors were peremptorily excluded by the State, as well as the alleged failure to properly cross-examine police officers with allegedly inconsistent statements.
[2] The remedy approved in Lockwood does not help appellant since the alleged ineffectiveness of defense counsel at bar occurred at trial, not at sentencing. Appellant has challenged neither his sentence, nor his counsel's performance at the sentencing hearing.