696 So.2d 469 (1997)
Rosalio RIOS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-02956
District Court of Appeal of Florida, Second District.
July 2, 1997.
*470 Theodore N. Taylor of the Law Office of Theodore N. Taylor, P.A., Plant City, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Tampa, for Appellee.
DANAHY, Acting Chief Judge.
During the evening hours of December 31, 1995, the appellant was involved in an altercation with his neighbors and their holiday visitors. Apparently, all parties had been celebrating the approaching New Year with liberal amounts of alcohol. The altercation resulted in a near fatal stabbing and the appellant was charged with aggravated assault[1] and aggravated battery.[2] At trial the jury found him guilty of assault as a lesser included offense of aggravated assault and aggravated battery as charged. He now appeals his convictions claiming reversible error on two grounds. We agree with him on one but not the other and reverse for a new trial.
The point with which we do not agree is the appellant's claim that his trial counsel was ineffective for failing to pursue a defense of voluntary intoxication. Although the record suggests that this was a matter of strategy, the point is moot given our disposition on the remaining issue and remand for a new trial.
The appellant meritoriously contends that the trial court erred in failing to conduct an adequate inquiry regarding his desire to discharge his trial counsel, an assistant public defender. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973). The record reveals that on the morning of trial, as voir dire was about to begin, the following exchange took place:

[Defense Counsel]: Your Honor, I just want to state on the record that again my client, Mr. Rios, had requested a change of attorneys this morning.

[The Court]: That request comes too late. No defendant on the morning of trial can, all of a sudden, say I want to hire a private attorney. If Mr. Rios's private attorney is present and is prepared to go forward, I have no problems with discharging the Public Defender and allowing Mr. Rios's private attorney to proceed to represent him in the trial of the case.

*471 Mr. Rios, do you have your attorney present?

[The appellant]: No.

[The Court]: Then we're going to proceed to trial.
In deciding whether a trial court conducted a proper inquiry when a defendant raises an issue about receiving effective assistance under Nelson, the standard of review is abuse of discretion. Augsberger v. State, 655 So.2d 1202 (Fla. 2d DCA 1995). A proper Nelson inquiry begins with ascertaining the reason for an attempt to change attorneys; usually it is based on the defendant's belief that court-appointed counsel is not rendering effective assistance. If reasonable cause is found to believe that courtappointed counsel is ineffective, the court should make such finding and appoint a substitute attorney who should be given time to prepare. If it appears that counsel is rendering effective assistance, the court should also so state on the record and advise the defendant that he may discharge his courtappointed counsel but that the State will not be required to appoint a substitute. Augsberger, 655 So.2d at 1203-04, citing Nelson, 274 So.2d at 258-59. If court-appointed counsel is found to be rendering effective assistance and the defendant insists that he still wants to discharge him or her, a Faretta[3] hearing is in order. An expression of general loss of confidence or trust, standing alone, does not equate to ineffective assistance and does not require withdrawal of counsel. Augsberger, 655 So.2d at 1204 (also citing Johnston v. State, 497 So.2d 863 (Fla. 1986)). Neither does a defendant's perception that counsel has inadequately conferred with the client, without more specific allegations of incompetence, amount to ineffective assistance. Augsberger, 655 So.2d at 1204.
Because the trial court in the case on review made no attempt to ascertain the basis for the appellant's wish to change attorneys, as indicated by trial counsel, we find that the trial court did abuse its discretion in this case. The trial court failed to conduct any inquiry at all, except to ask if the appellant had a private attorney ready and willing to proceed. This put the cart before the horse. The trial court neglected to satisfy itself on threshold Nelson matters such as whether the appellant's request to change attorneys was prompted by a belief that counsel was rendering ineffective assistance and, if so, upon what evidence were the allegations of ineffective assistance based, and, based on the information garnered from the defendant and counsel, whether counsel was providing effective assistance.
In Augsberger we found no abuse of discretion because the trial court asked the defendant there what trial counsel had or had not done to cause the defendant his dissatisfaction. The defendant could only give a vague and generalized answer despite questioning by the trial court. We concluded, in accord with Lowe v. State, 650 So.2d 969 (Fla.1994), that the trial court had not abused its discretion under the Nelson standard because its inquiry was as explicit as it could have been when faced with the defendant's generalized complaints.
In contrast to Augsberger, the appellant here was not even given the opportunity to express a complaint, generalized or not, about his counsel's performance. We recognize that on the morning of trial the court is anxious to proceed to matters at hand. Although such concern explains the short shrift the court gave the appellant when his counsel raised a warning about a possible Nelson issue, it does not excuse the failure to properly address the issue as was done here.
We reverse the convictions and remand for a new trial.
SCHOONOVER and FULMER, JJ., Concur.
NOTES
[1] § 784.021, Fla. Stat. (1995), a third degree felony.
[2] § 784.045, Fla. Stat. (1995), a second degree felony.
[3] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). See also State v. Bowen, 22 Fla. L. Weekly S208, ___ So.2d ___ (Fla. Apr. 24, 1997) (emphasizing that a defendant does not need to possess the technical legal knowledge of an attorney before being permitted to proceed pro se because "the competence that is required of a defendant seeking to waive his right to counsel is the competence to waive the right, not the competence to represent himself" citing Godinez v. Moran, 509 U.S. 389, 399, 113 S.Ct. 2680, 2687, 125 L.Ed.2d 321 (1993)).