826 So.2d 414 (2002)
Kenneth L. REID, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-721.
District Court of Appeal of Florida, Second District.
August 2, 2002.
Rehearing Denied September 27, 2002.
James Marion Moorman, Public Defender, and Allyn A. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
*415 Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Kenneth Reid, convicted of robbery, claims entitlement to a new trial because the circuit court failed to conduct a Nelson[1] hearing after he filed a motion to discharge his counsel. We agree.
On December 1, 2000, Reid filed a request to remove his public defender, stating that he wasn't "in compliance with the duty of a court-appointed attorney.... He has failed to adhere to rule of professional conduct, as outlined in the [R]ules [R]egulating the Florida Bar [ ] 4-1.1 [through] 4-1.4."[2] Apparently, Reid's counsel attempted to bring this motion before Judge Brandt Downey the day before Reid was scheduled for trial. But the trial was being passed to Judge John Schaefer in another division, so Judge Downey decided that the trial judge should rule on the motion.[3] After jury selection, defense counsel told Judge Schaefer, "He wants to fire me, Judge. He has made it clear." The judge remarked that Reid had not raised the matter with him, and he proceeded to trial without addressing the motion.
Generally, a court's failure to conduct a Nelson inquiry is reversible error if the defendant has clearly alleged attorney incompetence and has unequivocally stated he wishes to discharge his counsel. See Davis v. State, 703 So.2d 1055, 1058 (Fla. 1997); Branch v. State, 685 So.2d 1250 (Fla.1996). Reid's motion did both. In Rios v. State, 696 So.2d 469 (Fla. 2d DCA 1997), we held that reversal is required if the trial court does not allow a defendant to present the basis for his requested discharge. Reid was never given any opportunity to explain why he believed his counsel was not competently representing him. Accordingly, we must reverse.
Reversed and remanded for a new trial.
ALTENBERND and KELLY, JJ., Concur.
NOTES
[1] Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).
[2] Rules Regulating the Florida Bar 4-1.1 through 4-1.4 address lawyer competence, diligence, and communication.
[3] Difficulties with the court reporter have thwarted Reid's attempt to provide us with a transcript of the hearing before Judge Downey. The State contends that Judge Downey's docket does not show a hearing in Reid's case on the relevant date. At Reid's sentencing, however, counsel specifically told Judge Schaefer that he had brought the issue to Judge Downey's attention and that Judge Downey had decided that because the case was being passed to a new division, he would also pass the motion to the new judge. The State did not dispute this version of events at the time, so we have taken it as accurate, in the absence of the transcript.