829 So.2d 995 (2002)
Ricardo Jose DAVILA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-497.
District Court of Appeal of Florida, Third District.
November 13, 2002.
Bennett H. Brummer, Public Defender, and Luis Fernandez, Special Assistant Public Defender, for appellant.
Richard E. Doran, Attorney General, and Roberta G. Mandel, Assistant Attorney General, for appellee.
*996 Before GODERICH, SHEVIN, and RAMIREZ, JJ.
RAMIREZ, J.
Ricardo Jose Davila appeals his convictions of thirty counts of aggravated child abuse, one count of child neglect, one count of child abuse and three counts of kidnaping. We reject Davila's assertion that the trial court did not conduct an adequate Nelson[1] inquiry and affirm.
The record demonstrates that the trial court had previously conducted an adequate Nelson inquiry. After the jury was sworn, trial counsel raised the issue of his client's dissatisfaction and the court spoke at length with Davila addressing his concerns. A trial judge's inquiry into a defendant's complaints of incompetence of counsel can be only as specific and meaningful as the defendant's complaint. Lowe v. State, 650 So.2d 969, 975 (Fla.1994). As in Lowe, the trial judge questioned Davila in an attempt to ascertain the basis of his concern. See also Wilder v. State, 587 So.2d 543, 544-45 (Fla. 1st DCA 1991)(finding a motion for substitution of counsel was properly denied where defendant stated only generalized allegations).
Davila argues that it was evident from counsel's statement that he was asking that his attorney be discharged. We cannot agree. Davila's complaint was nothing more than a general statement that he did not feel that he was being well represented by defense counsel. Davila stated that he wanted counsel to change, so he could "feel certain that [he was] getting a fair trial." These statements must be viewed as general statements, insufficient to constitute allegations, let alone particular grievances. Davila could not point to any specific act of incompetence, other than not having received discovery.
The Florida Supreme Court has held that a "[g]eneral loss of confidence or trust standing alone will not support withdrawal of counsel" because it does not equate to ineffective assistance of counsel. Johnston v. State, 497 So.2d 863, 868 (Fla.1986). In Johnston, unlike this case, the trial judge did not conduct a proper examination of the reasons underlying the appellant's request to discharge her attorney. The record in Johnston showed that the defendant attempted to give her reasons to the court but was abruptly interrupted by the trial judge. This is not the situation in our case. Furthermore, the Florida Supreme Court has held that a complaint that a defendant is displeased with his attorney's trial preparation does not constitute an allegation of incompetence so as to compel a Nelson inquiry. Gudinas v. State, 693 So.2d 953, 962 (Fla.1997). See also Woody v. State, 698 So.2d 391 (Fla. 4th DCA 1997) (Nelson inquiry into whether defense counsel was competent was not needed where defendant did not complain that his counsel was incompetent, but only that he was displeased with his trial preparation).
If court-appointed counsel is found to be rendering effective assistance, and the defendant insists that he still wants to discharge him or her, a Faretta[2] hearing is in order. See Rios v. State, 696 So.2d 469 (Fla. 2nd DCA 1997). Davila argues that the trial court should have conducted a Faretta hearing, where he requested a discharge of his court appointed counsel during trial. We disagree. When a defendant requests that the trial court discharge his court-appointed attorney for ineffective assistance, the court is obligated to determine whether adequate grounds exist for the attorney's discharge. See Hardwick v. *997 State, 521 So.2d 1071, 1074-1075 (Fla.1988) (specifically adopting the procedure of Nelson v. State). In Hardwick, the Florida Supreme Court held that a motion to discharge counsel for incompetence requires that the trial court inquire into the actual effectiveness of counsel. Davila never asked the trial court to discharge counsel. The record does not even clearly demonstrate that Davila was dissatisfied with counsel. Therefore, pursuant to Hardwick, no further inquiry by the trial court was necessary. See Windom v. State, 656 So.2d 432, 437 (Fla.1995)(No further inquiry required where it was not clear that the defendant had moved to discharge counsel due to incompetence); Bowden v. State, 588 So.2d 225, 230 (Fla.1991)(No further inquiry necessary when defendant merely expressed dissatisfaction with counsel's performance).
A trial judge is required to conduct a Faretta inquiry prior to allowing a defendant to proceed in a criminal trial without counsel. State v. Young, 626 So.2d 655, 656 (Fla.1993). Davila never expressed a desire to proceed to trial without counsel, and in fact readily proceeded with the trial represented by court-appointed counsel. Because there was no unequivocal request for self-representation, Davila was not entitled to an inquiry on the subject of self-representation under Faretta. See Davis v. State, 703 So.2d 1055 (Fla.1997). In this case, Davila seemed to acquiesce in counsel's continued representation when, after the court's discussion, Davila stated "okay," with regard to resuming trial with the same defense counsel.
Davila's reliance on Marti v. State, 756 So.2d 224 (Fla. 3d DCA 2000) is misplaced because Marti, prior to jury selection, filed a written motion to discharge his court appointed attorney and the court denied the motion without making any inquiry of defendant or counsel. The court nevertheless found the error harmless.
We therefore affirm.
NOTES
[1] Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).
[2] Faretta v. State, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).