890 So.2d 483 (2004)
Altonio DUNSTON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-2811.
District Court of Appeal of Florida, Fifth District.
December 30, 2004.
*484 James B. Gibson, Public Defender, and Leonard R. Ross, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Christ, Jr., Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.

ON MOTION FOR CLARIFICATION
SHARP, W., J.
We grant the state's motion for clarification, withdraw our previous opinion dated November 19, 2004, and issue the following opinion in its place.
Dunston appeals from his judgment and sentences for carrying a concealed firearm and resisting an officer without violence.[1] He contends that the trial judge erred in refusing to discharge his court-appointed attorney and appoint other counsel, and that the judge failed to conduct an adequate Nelson hearing. We affirm under the circumstances of this case.
In Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), the fourth district established the procedure a trial judge should follow when an indigent defendant expresses a desire to discharge his court-appointed counsel:
[W]here a defendant, before the commencement of trial, makes it appear to the trial judge that he desires to discharge his court appointed counsel, the trial judge, in order to protect the indigent's right to effective counsel, should make an inquiry of the defendant as to the reason for the request to discharge. If incompetency of counsel is assigned by the defendant as the reason, or a reason, the trial judge should make a sufficient inquiry of the defendant and his appointed counsel to determine whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant.
If reasonable cause for such belief appears, the court should make a finding to that effect on the record and appoint a substitute attorney who should be allowed adequate time to prepare the defense. If no reasonable basis appears for a finding of ineffective representation, the trial court should so state on the record and advise the defendant that if he discharges his original counsel the State may not thereafter be required to appoint a substitute. See Wilder v. State, Fla.App.1963, 156 So.2d 395, 397. If the defendant continues to demand a dismissal of his court appointed counsel, the trial judge may in his discretion discharge counsel and require the defendant to proceed to trial without representation by court appointed counsel.
274 So.2d at 258-259. The Florida Supreme Court later approved this procedure in Hardwick v. State, 521 So.2d 1071 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988).
In this case, Dunston did not make his request before the commencement of the trial. His request to discharge his court-appointed attorney came on the second day of trial, after the six jurors and *485 one alternate were accepted and sworn. Thus the judge was not required to conduct a Nelson hearing. See Dunn v. State, 730 So.2d 309 (Fla. 4th DCA 1999); Dukes v. State, 503 So.2d 455 (Fla. 2d DCA 1987), cause dismissed, 751 So.2d 1251 (Fla.1999).
The cases cited by Dunston, Malone v. State, 852 So.2d 412 (Fla. 5th DCA 2003); Rios v. State, 696 So.2d 469 (Fla. 2d DCA 1997); Horne v. State, 659 So.2d 1311 (Fla. 4th DCA 1995), are distinguishable. In Malone, the request to discharge counsel came before jury selection. In Rios, the request came as voir dire was about to begin. And, in Horne, the defendant had previously complained about the competency of his counsel, although this matter was first called to the court's attention on the morning the trial was to begin.
As the court explained in Haugabook v. State, 689 So.2d 1245 (Fla. 4th DCA 1997), a trial court should not be required to stop a trial and hold a Nelson hearing once the trial has begun.
Indeed, a defendant could compel the trial judge to halt the proceedings and conduct this ancillary hearing based on every single tactical action trial counsel takes that the defendant disagrees with. The rule in Nelson was designed as a prophylactic measure to prevent a trial from commencing-not to abort a trial already in progress.
689 So.2d 1246. Dunston may, of course, seek post-conviction relief based on competency of trial counsel issues. See Woodson v. State, 739 So.2d 1210 (Fla. 3d DCA), rev. denied, 749 So.2d 505 (Fla.1999).
AFFIRMED.
PALMER and TORPY, JJ., concur.
NOTES
[1] §§ 790.01(2); 843.02, Fla. Stat.