STRINGER, Judge.
Lorenzo Jackson challenges his convictions for second-degree murder, petit theft, and grand theft motor vehicle, raising three grounds for reversal. We agree with Jackson that he is entitled to a new trial because the trial court failed to hold a hearing pursuant to Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), after Jack *31 son filed a written motion to discharge his court-appointed counsel. Our decision on this issue renders Jackson’s remaining two arguments moot.
A grand jury indicted Jackson on charges of first-degree murder, robbery with a deadly weapon, and grand theft motor vehicle. In the trial court, Jackson was represented by Assistant Public Defender Kenneth Littman. Before trial, Jackson filed a motion to suppress various statements that he made to law enforcement based on alleged Miranda[1] violations. The trial court granted this motion, and the State appealed. On appeal, Jackson was represented by Assistant Public Defender Allyn Giambalvo. This court affirmed the trial court’s ruling on the motion to suppress, and mandate issued to the trial court oh December 24, 2003. State v. Jackson; Case No. 2D03-2350 (Fla. 2d DCA Dec. 5, 2003).
Despite the unsuccessful appeal, the State continued to pursue the charges against Jackson in the trial court based on the remaining evidence. On February 6, 2004, Jackson filed a pro se motion for termination of counsel of record, specifically asking the court to discharge court-appointed trial counsel Kenneth Littman and the Public Defender’s Office because of an “irreconcilable conflict of interest.” Jackson also alleged that Mr. Littman was providing deficient representation.
On March 2, 2004, Jackson filed a second pro se motion for termination of Mr. Littman and the Public Defender’s Office and a motion for reappointment of counsel. These motions raised the same grounds raised in Jackson’s earlier motion. In addition, Jackson filed a pro se “Motion to be Heard,” asking the court to sign a transport order so that he could attend a hearing with the court and the State to discuss his case.
On June 7, 2004, without having held any type of hearing, the trial court dismissed Jackson’s motions for termination of counsel of record and motion for reappointment of counsel. The order erroneously stated, that Jackson’s motions had asked the court to discharge Mr. Littman “from representing Defendant on appeal.” The trial court noted that the order on appeal had been affirmed and mandate had issued. Therefore, because of the trial court’s misconception concerning whom Jackson was attempting to discharge, the trial court dismissed his motions as moot.
The case proceeded to a jury trial, at which Jackson was represented by Mr. Littman. Ultimately, Jackson was convicted .of second-degree murder with a weapon, petit theft, and grand theft motor vehicle. The trial court subsequently sentenced Jackson to life in prison as a prison releasee reoffender on the second-degree murder conviction, a concurrent five years on the grand theft motor vehicle conviction, and time served on the petit theft conviction. Mr. Littman represented Jackson at the sentencing hearing.
On appeal, Jackson contends that he is entitled to a new trial because the trial court failed to conduct a Nelson hearing in response to his written motions to discharge Mr. Littman and the Public Defender’s Office. We agree. In Nelson, the court established the procedure that must be followed when a defendant seeks to discharge his court-appointed counsel based on ineffectiveness or incompetency. As stated in Nelson:
If incompetency of trial counsel is assigned by the defendant as the reason, or a reason, the trial judge should make a sufficient inquiry of the defendant and *32 his court appointed counsel to determine whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant. If reasonable cause for such belief appears, the court should make a finding to that effect on the record and appoint a substitute attorney who should be allowed adequate time to prepare the defense. If no reasonable basis appears for a finding of ineffective representation, the trial court should so state on the record and advise the defendant that if he discharges his original counsel the State may not thereafter be required to appoint a substitute.
Nelson, 274 So.2d at 258-59; see also Hardwick v. State, 521 So.2d 1071 (Fla.1988) (adopting the Nelson procedure for all Florida courts).
This court has repeatedly held that a trial court’s failure to conduct a Nelson hearing in the face of a clear request to discharge counsel for ineffectiveness or incompetency constitutes reversible error. See, e.g., Reid v. State, 826 So.2d 414, 415 (Fla. 2d DCA 2002); Rios v. State, 696 So.2d 469, 471 (Fla. 2d DCA 1997); Jones v. State, 658 So.2d 122, 125 (Fla. 2d DCA 1995). In addition, this court has held that the trial court’s failure to permit the defendant to present the basis for his request to discharge counsel to the trial court is reversible error. Reid, 826 So.2d at 415. Moreover, the trial court must specifically address the issue with both the defendant and his court appointed counsel on the record for the hearing to be legally sufficient. Jones, 658 So.2d at 125.
For example, in Reid, the defendant made an oral request to discharge his attorney, stating that he “was not in compliance with the duty of a court-appointed attorney.” 826 So.2d at 415. Defense counsel told the court, “He wants to fire me, Judge. He has made it clear.” Id. The trial court stated that Reid had not “made it clear to me,” and proceeded to trial without further addressing Reid’s motion. On appeal, this court held that it was error for the trial court to have proceeded to trial without giving Reid any opportunity to explain why he believed that his counsel was not adequately representing him. Id. Therefore, this court reversed and remanded for a new trial.
Similarly, in Rios, the defendant made an oral request to discharge his counsel on the morning of trial. 696 So.2d at 470. The trial court told the defendant that his request was “too late” and asked whether he had a private attorney who was prepared to go forward. When Rios said that he did not, the trial court denied his motion and proceeded with trial. Id. at 471. On appeal, this court reversed and remanded for a new trial, noting that the new trial was required because the trial court had failed to conduct any inquiry at all as required by Nelson. Id.
In this case, Jackson’s motions specifically requested that his trial counsel be discharged due to alleged conflicts and incompetency, and they identified trial counsel by name. However, the trial court found that Jackson had moved to discharge his appellate counsel rather than his trial counsel and dismissed the motions as moot. Because of this misconception concerning whom Jackson was trying to discharge, the trial court never held a Nelson hearing on Jackson’s motion. Since Jackson was entitled to a hearing on his motions, this error requires reversal.
The State contends that Jackson waived this issue by not moving to discharge his trial counsel again before the start of the trial, citing to Sheffield v. State, 769 So.2d 493 (Fla. 4th DCA 2000). In Sheffield, the defendant filed a written motion to discharge his court-appointed counsel but never made any attempt to bring the issue *33 to the trial court’s attention. Because Sheffield failed to bring the issue to the trial court’s attention at any time, the court held that the issue was waived. In this case, however, Jackson did file a motion seeking a hearing. Thus, unlike the defendant in Sheffield, Jackson took steps to bring the motion to the trial court’s attention, and in fact, the trial court actually ruled on Jackson’s motion. Once the trial court ruled on Jackson’s motion, he was not required to repeatedly bring the issue to the trial court’s attention in hopes of receiving a different ruling.
Because the trial court failed to hold a Nelson hearing despite Jackson’s written motion to discharge counsel and written request for a hearing, Jackson is entitled to a new trial. On remand, the trial court must afford Jackson the opportunity to explain his allegations concerning an irreconcilable conflict with the Public Defender’s Office before appointing him new counsel.
Reversed and remanded for further proceedings consistent with this opinion.
CASANUEVA and SILBERMAN, JJ., Concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).