931 So.2d 134 (2006)
Larry L. PURNELL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-1363.
District Court of Appeal of Florida, Second District.
March 29, 2006.
*135 James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Marilyn Muir Beccue, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Larry Purnell appeals his judgment and sentence to forty-eight months' prison for drug offenses, entered after he pleaded guilty. Purnell raises only one issue on appealthe trial court's dismissal of his pro se motion to withdraw his plea under Florida Rule of Criminal Procedure 3.170(l). We affirm Purnell's judgment and sentence but reverse and remand for the trial court to strike Purnell's pro se motion.
We recently stated in Mourra v. State, 884 So.2d 316, 320-21 (Fla. 2d DCA 2004):
[A] defendant does not have a constitutional right to "hybrid" representation that is, to be represented both by counsel and by himself. Thus, pleadings filed by a criminal defendant who is represented by counsel are generally treated as a nullity, unless they include some unequivocal request to discharge counsel.
(Citations omitted.)
Purnell filed his pro se motion on March 10, 2005. At the time, he was represented by counsel. The trial court orally dismissed the motion and subsequently entered a written order denying it. Purnell's motion states, "Defendant representation was in conflict and ineffective." This is not an unequivocal request to discharge counsel, especially considering that counsel representing Purnell at the time the pro se motion was filed did not represent Purnell at the plea hearing. Therefore, the trial court should have stricken Purnell's motion and treated it as a nullity. See Mourra, 884 So.2d at 321.
We affirm Purnell's judgment and sentence but reverse and remand with directions for the trial court to strike Purnell's pro se motion to withdraw his plea.
ALTENBERND and STRINGER, JJ., Concur.