NORTHCUTT, Judge.
Terry Alton West appeals following his conviction for the lesser charged offense of attempted manslaughter. We find no merit in West’s claim that his speedy trial rights were violated. However, we agree with his assertion that the trial court erred by failing to inquire into West’s pro se request to discharge his attorney. We reverse and remand for a new trial.
West filed a pro se motion seeking to discharge his court-appointed attorney and to have new counsel appointed. In this motion, West stated that his attorney was “not doing anything” to help the case and had not done several things that West asked him to do. The motion then recited Supreme Court cases and their announced standards for effective legal representation and the potential for ineffective assistance of counsel, and it concluded with the statement that “this is the case” with West’s attorney. The trial court at no time inquired into this issue and never ruled on West’s pro se motion.
“Generally, a court’s failure to conduct a Nelson inquiry is reversible error if the defendant has clearly alleged attorney incompetence and has unequivocally stated he wishes to discharge his counsel.” Reid v. State, 826 So.2d 414, 415 (Fla. 2d DCA 2002) (referring to Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973)). In Reid, the defendant’s pro se motion asserted that his attorney “wasn’t in compliance with the duty of a court-appointed attorney” and cited the rules of professional conduct governing lawyer competence, diligence, and communication. Id. This court found that the motion sufficiently alleged incompetence and the defendant’s desire to discharge counsel, and we reversed because “Reid was never given any opportunity to explain why his counsel was not competently representing him.” Id. Likewise in this case, West’s pro se motion unequivocally sought to discharge his attorney and asserted that his attorney was not providing effective assistance. Thus, the court erred in failing to inquire into the basis for this motion.
The State argues that a defendant has no right to hybrid representation and that West’s pro se motion was superseded by an earlier motion, filed not by his attorney of record but by a different attorney in the public defender’s office and requesting the court to appoint a conflict attorney on the sole issue of speedy trial. While pro se pleadings filed by a represented defendant are generally a nullity, a pro se motion to discharge counsel is an exception to this rule. Logan v. State, 846 So.2d 472, 476 (Fla.2003). Furthermore, we do not *1158 agree that the earlier motion, directed solely to a speedy trial issue, can be regarded as superseding a later motion that did not mention speedy trial.
The State also argues that West failed to adequately allege incompetence as the grounds to discharge his attorney. But we conclude that the assertions in the pro se motion were sufficient to require the trial court to make a preliminary Nelson inquiry. See Maxwell v. State, 892 So.2d 1100 (Fla. 2d DCA 2004) (explaining that court’s preliminary inquiry under Nelson must ascertain whether the defendant unequivocally seeks discharge of counsel and the reasons therefor). Accordingly, we reverse.
Reversed and remanded for a new trial.
SALCINES, J., and COBB, WARREN H., Associate Senior Judge, Concur.