On Motion for Rehearing
 

 SUAREZ, J.
 

 We grant James C. Marshall’s motion for rehearing, withdraw our previously rendered per curiam opinion dated March 25, 2009, and substitute the following in its place:
 

 James C. Marshall appeals from his conviction for one count of second degree murder. We affirm.
 

 We address only the claim that the trial court committed reversible error by not conducting a proper
 
 Faretta
 

 [1]
 

 hearing. Based upon our review of the record, Mar-shall’s alleged requests for self-representation were at best equivocal; he was not
 
 *812
 
 entitled to an inquiry on the subject of self-representation under
 
 Faretta. See Rios v. State,
 
 696 So.2d 469 (Fla. 2d DCA 1997) (holding that if court-appointed counsel is found, after a proper
 
 Nelson
 
 inquiry,
 
 [2]
 
 to be rendering effective assistance and the defendant insists that he still wants to discharge him or her, then a
 
 Faretta
 
 hearing is in order);
 
 accord Davi-la v. State,
 
 829 So.2d 995 (Fla. 3d DCA 2002) (finding that because there was no unequivocal request for self-representation, the defendant was not entitled to an inquiry on the subject of self-representation under Faretta). Further, we cannot conclude from the record before us that the trial court abused its discretion in refusing to permit Marshall to discharge his counsel after holding a proper
 
 Nelson
 
 hearing.
 
 See Rios,
 
 696 So.2d at 471.
 

 We affirm all remaining issues on appeal.
 

 Affirmed.
 

 [1]
 

 .
 
 Faretta v. California,
 
 422 U.S. 806, 835-36, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
 

 [2]
 

 .
 
 Nelson v. State,
 
 274 So.2d 256 (Fla. 4th DCA 1973).