PER CURIAM.
 

 Appellant seeks review of his conviction and sentence for robbery with a weapon. He argues that the trial court erred in
 
 *1185
 
 failing to consider and rule on his motion to dischai’ge counsel and in admitting evidence of collateral crimes. We agree that the trial court erred with regard to the motion to dismiss counsel and reverse. We affirm Appellant’s remaining claims without discussion.
 

 Appellant filed his pro se motion to discharge counsel a few days before his trial alleging that his attorney was incompetent for, among other things, failing to prepare an adequate defense. Just before the trial began, Appellant inquired of the trial court as to his motion. The court replied that the motion was a nullity because Appellant was represented by counsel. When Appellant argued that defense counsel was unlikely to file a motion to dismiss himself, the court informed him that he could file a motion for postconviction relief if he was convicted. Appellant’s defense counsel volunteered to address Appellant’s concerns and said he had done everything he could. Appellant asserted that counsel did a little bit, but not all that Appellant asked of him. The court informed Appellant that counsel’s choice whether to file the motion to dismiss counsel was his counsel’s decision. Appellant then complained that counsel had done nothing other than show up for court and that the copies of depositions he had provided were incomplete. After a brief exchange with counsel, the trial court instructed Appellant to get dressed and “we’ll go to trial.”
 

 This court has held, “[i]n deciding whether a trial court conducted an appropriate
 
 Nelson
 
 inquiry, appellate courts apply the review standard of abuse of discretion.”
 
 Kearse v. State,
 
 605 So.2d 534, 536 (Fla. 1st DCA 1992);
 
 Augsberger v. State,
 
 655 So.2d 1202, 1204 (Fla. 2d DCA 1995). In this context, a trial court abuses its discretion when it fails to “provide the defendant with the opportunity to explain why he or she objects to counsel or fails to conduct the [required] inquiries.”
 
 Kearse,
 
 605 So.2d at 536.
 

 The Florida Supreme Court adopted the procedure outlined by the Fourth District in
 
 Nelson v. State,
 
 274 So.2d 256 (Fla. 4th DCA 1973), to be followed when a defendant raises a motion to discharge his or her court-appointed trial counsel on grounds that counsel is incompetent.
 
 Hardwick v. State,
 
 521 So.2d 1071 (Fla.1988),
 
 superceded, on other grounds as recognized in, McKenzie v. State,
 
 29 So.3d 272 (Fla.2010). Accordingly, the court stated:
 

 If incompetency of counsel is assigned by the defendant as the reason, or a reason, the trial judge should make a sufficient inquiry of the defendant and his appointed counsel to determine whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant. If reasonable cause for such belief appears, the court should make a finding to that effect on the record and appoint a substitute attorney who should be allowed adequate time to prepare the defense. If no reasonable basis appears for a finding of ineffective representation, the trial court should so state on the record and advise the defendant that if he discharges his original counsel the State may not thereafter be required to appoint a substitute.
 

 Hardwick,
 
 521 So.2d at 1074-1075
 
 (citing Nelson,
 
 274 So.2d at 258-259).
 

 “Generally, a court’s failure to conduct a
 
 Nelson
 
 inquiry is reversible error if the defendant has clearly alleged attorney incompetence and has unequivocally stated he wishes to discharge his counsel.”
 
 Reid v. State,
 
 826 So.2d 414, 415 (Fla. 2d DCA 2002) (citing
 
 Davis v. State,
 
 703 So.2d 1055, 1058 (Fla.1997), and
 
 Branch v. State,
 
 685 So.2d 1250 (Fla.1996)). However, a
 
 *1186
 
 defendant’s broad complaints of dissatisfaction with his attorney are not sufficient to require such an inquiry.
 
 Morrison v. State,
 
 818 So.2d 432, 440 (Fla.2002);
 
 Addison v. State,
 
 989 So.2d 1252 (Fla. 1st DCA 2008). Here, the trial court failed to conduct a proper
 
 Nelson
 
 inquiry even though Appellant’s motion clearly expressed a desire to discharge his attorney based upon more than mere general dissatisfaction with the attorney.
 

 Initially, the court erred when it determined that the motion should be struck as a nullity because Appellant was represented by counsel. While, in general, pro se motions filed by represented defendants are nullities, they should not be stricken as such if a defendant unequivocally seeks to discharge counsel or where the defendant makes allegations that give rise to a clear adversarial relationship with counsel.
 
 Sheppard v. State,
 
 17 So.3d 275, 282 (Fla.2009);
 
 Murray v. State,
 
 1 So.3d 407, 408 (Fla. 2d DCA 2009) (citing
 
 Purnell v. State,
 
 931 So.2d 134, 135 (Fla. 2d DCA 2006)).
 

 While the court entertained limited argument on the motion, the inquiry was insufficient. The record does not reflect that Appellant was given an adequate opportunity to address his claims to the court, nor did the court make a finding regarding the reasonableness of the claims. Further, the court did not inform Appellant that, should he choose to discharge counsel, a substitute counsel may not be appointed. Thus, reversal and remand for a new trial is required.
 

 REVERSED and REMANDED.
 

 LEWIS, THOMAS and WETHERELL, JJ., concur.