KHOUZAM, Judge.
Joseph W. Finfrock appeals following his conviction for battery of a staff member at a sexually violent predator detention facility, in violation of section 784.074, Florida Statutes (2009). Because we agree with his assertion that the trial court *433 erred by failing to inquire into his requests to discharge his attorney, we reverse and remand for a new trial.[1]
Prior to the date of his jury trial, Finfrock filed two pro se motions. The first was a “Motion to Appoint Conflict Free Attorney,” requesting that the court “appoint conflict free counsel” because Finfrock’s appointed counsel was also representing a defendant in another pending case where Finfrock was the victim. The second was a “Motion for Nelson Hearing,” alleging multiple grounds for discharge and asking the court to “grant said hearing and act in accordance to Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).” Among the grounds alleged were that an “irreconcilable difference in the case” existed between him and his counsel, that counsel violated the Professional Rules of Conduct by being unprepared, and that counsel acted with indifference towards Finfrock’s wishes with respect to discovery and other matters. On the morning of trial, the trial judge summarily dismissed with prejudice these motions on the ground that they were nullities because Finfrock was represented by counsel who had not adopted them.
Also on the morning of trial, Finfrock’s counsel orally notified the court of Fin-frock’s request for a Nelson hearing. Counsel stated “My client has a motion for a Nelson hearing. He has some things — ” but was interrupted by the judge’s assertion that “[w]ell, I don’t think there’s a basis for that because he’s represented, unless he fires you. Are you going to fire [appointed counsel] and represent yourself?” After Finfrock replied in the negative, the judge continued: “That’s the only reason you do you [sic] a Nelson/Faretta hearing.” Finfrock attempted to clarify that a “Nelson hearing is to state your dissatisfaction with the representation,” but during his explanation he was cut off when the judge declared, “We are not going to try [appointed counsel] here this morning.” After some more discussion, the trial commenced, but at no time did the judge ask Finfrock the basis for his dissatisfaction. Finfrock was ultimately convicted as charged and sentenced to ten years’ imprisonment as a habitual offender. He timely appealed.
Finfrock argues on appeal that the lower court reversibly erred in failing to make a full Nelson inquiry. The Florida Supreme Court has adopted the procedure described in Nelson for addressing a criminal defendant’s request to discharge court-appointed counsel prior to trial. Hardwick v. State, 521 So.2d 1071, 1074-75 (Fla.1988), superseded by rule, Fla. R.Crim. P. 3.111(d)(3), on other grounds as recognized in McKenzie v. State, 29 So.3d 272, 281 (Fla.2010). The first step in a Nelson inquiry is to “determine whether the defendant’s request to discharge counsel is unequivocal and, if it is, the court must ascertain the reason for the request.” Torres v. State, 42 So.3d 910, 912 (Fla. 2d DCA 2010).
Although “general allegations of dissatisfaction” are insufficient to trigger the need for a full Nelson hearing, Penn v. State, 51 So.3d 622, 623 (Fla. 2d DCA 2011), “[w]hen a defendant requests that the trial court discharge his court-appointed attorney for ineffective assistance, the court is obligated to determine whether adequate grounds exist for the attorney’s discharge,” Trease v. State, 768 So.2d 1050, 1053 (Fla.2000). And while generally pro *434 se pleadings from a represented defendant are a nullity, a motion to discharge counsel is a recognized exception to the rule. West v. State, 958 So.2d 1156, 1157 (Fla. 2d DCA 2007) (citing Logan v. State, 846 So.2d 472, 476 (Fla.2003)).
Generally, this court reviews whether a trial court conducted an adequate Nelson hearing under the abuse of discretion standard. Torres, 42 So.3d at 912. However, where the defendant has clearly alleged attorney incompetence and has unequivocally expressed his desire to discharge his counsel, then the court’s failure to conduct a Nelson inquiry is reversible error. West, 958 So.2d at 1157 (citing Reid v. State, 826 So.2d 414, 415 (Fla. 2d DCA 2002)).
Here, the trial court failed to conduct a preliminary Nelson inquiry despite multiple unequivocal statements by the defendant that he wanted to discharge his attorney for incompetence. Finfrock’s pretrial motions alleged multiple grounds for discharge and were detailed enough that any reader should have understood he was dissatisfied with his representation. In addition to the pro se motions, Finfrock’s counsel also orally alerted the court that a Nelson issue existed. Even when Finfrock attempted to explain the purpose of a Nelson hearing, the trial court failed to ask why Finfrock was dissatisfied with his appointed counsel’s representation.
On these facts, the trial court committed reversible error in failing to conduct the preliminary Nelson inquiry to determine the reason for Finfrock’s request. Once the court was made aware of Finfrock’s desire to discharge his appointed counsel for incompetence, the court was required to inquire as to its basis. Regrettably, the court did not do so. Therefore, we reverse the judgment and sentence and remand for a new trial.
Reversed and remanded.
WALLACE and CRENSHAW, JJ., Concur.

. Finfrock also raises a Florida Rule of Criminal Procedure 3.800(b) claim alleging entitlement to more credit for time served than awarded. In light of our holding, we need not reach the merits of this claim.