# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-0422
_____

STEPHANIE ANNE HOSKINS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Bay County.
Brantley S. Clark, Jr., Judge.

September 11, 2024

PER CURIAM.

Appellant, Stephanie Anne Hoskins, appeals her judgment and sentences for various drug offenses. She raises four arguments on appeal, only one of which merits discussion and reversal. We agree with Appellant that the trial court erred in failing to conduct an inquiry under *Nelson v. State*, 274 So. 2d 256 (Fla. 4th DCA 1973), in response to her repeated requests to discharge her counsel. Not only did Appellant clearly and unequivocally indicate in her written statements to the trial court that she wished to discharge her counsel and that the alleged ineffectiveness arose from the current representation, but she also claimed that counsel was incompetent and stated her reasons for that belief. *See Blanding v. State*, 939 So. 2d 173, 175 (Fla. 1st DCA 2006) (holding that a *Nelson* hearing is required (1) when the

defendant makes a clear and unequivocal statement that he wishes to discharge appointed counsel; (2) the reason for the requested discharge is a claim of incompetence; and (3) the alleged ineffectiveness arises from the current representation by counsel, not past indiscretions, and explaining that the failure to conduct a preliminary inquiry into a defendant's reason for seeking to discharge court-appointed counsel is a structural defect in the trial that requires reversal as per se error).

The fact that Appellant's third pro se motion for appointment of substitute counsel did not contain a completed certificate of service is not dispositive of this issue given that Appellant's written statements to the trial court satisfied the *Blanding* elements. *See Davis v. State*, 136 So. 3d 1169, 1209 (Fla. 2014) (analyzing the appellant's letter to the trial court in determining whether a *Nelson* hearing was required); *Rutledge v. State*, 1 So. 3d 1122, 1125–26 (Fla. 1st DCA 2009) (analyzing the appellant's letters in assessing whether the trial court erred in failing to schedule a second *Nelson* inquiry); *see also Hyacinthe v. State*, 326 So. 3d 198, 200 (Fla. 5th DCA 2021) (reversing and remanding for the trial court to conduct a *Nelson* hearing where, in his three letters to the trial court, the appellant claimed that defense counsel had not provided him evidence relating to his case, had failed to retain a forensic expert to conduct a review of his computer, and had failed to inform him of details regarding plea discussions with the State); *Boaz v. State*, 135 So. 3d 506, 507 (Fla. 5th DCA 2014) (holding that the trial court erred in failing to conduct a *Nelson* inquiry where the appellant alleged in a letter to the court that his trial counsel forced him to enter a plea, promised him that the court would sentence him to probation, and failed to file other requested motions).

Moreover, we reject the State's argument that Appellant abandoned this issue by not expressing her dissatisfaction with counsel at trial. *See Jackson v. State*, 914 So. 2d 30, 32–33 (Fla. 2d DCA 2005) (rejecting the State's argument that the appellant waived the *Nelson* issue by not moving to discharge defense counsel again before the start of trial where the appellant filed a motion seeking a hearing, he took steps to bring the motion to the trial court's attention, and the trial court ruled on the motion and explaining that "[o]nce the trial court ruled on Jackson's motion,

2

he was not required to repeatedly bring the issue to the trial court's attention in hopes of receiving a different ruling").

Based upon the foregoing, we reverse Appellant's judgment and sentences and remand for a new trial. *See Maderson v. State*, 29 So. 3d 1184, 1186 (Fla. 1st DCA 2010) (holding that the trial court's *Nelson* inquiry was insufficient and reversing and remanding for a new trial); *Ewing v. State*, 996 So. 2d 871, 872 (Fla. 1st DCA 2008) ("Because the trial court did not conduct a *Nelson* hearing after Appellant made specific complaints regarding counsel's performance, we reverse and remand for a new trial").

REVERSED and REMANDED for a new trial.

LEWIS, M.K. THOMAS, and NORDBY, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Jessica J. Yeary, Public Defender, and Ross S. Haine, II, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Benjamin L. Hoffman, Assistant Attorney General, Tallahassee, for Appellee.

3