91 So.2d 299 (1956)
John R. JONES, Appellant,
v.
Jo Ann STOUTENBURGH, Appellee.
Supreme Court of Florida. Division A.
November 7, 1956.
Rehearing Denied January 14, 1957.
*301 George T. Kelly, III, Orlando, for appellant.
R.F. Maguire, Joel R. Wells, Jr., of Maguire, Voorhis & Wells, Orlando, for appellee.
THORNAL, Justice.
Appellant Jones, who was defendant below, seeks reversal of a summary judgment entered in favor of the appellee in a statutory proceeding brought pursuant to Chapter 26949, Laws of Florida 1951, Section 742.011 et seq., Florida Statutes 1955, F.S.A.
The point for determination is the correctness of the order of the trial judge striking appellant's counter-affidavit contesting the summary judgment in view of appellant's refusal to testify on appellee's taking of his deposition on the ground of self-incrimination.
Appellee, alleging herself to be unmarried, filed her complaint against appellant. She alleged intimacies with appellant and asserted that he was the father of her child then unborn. She requested relief under the statute above cited. Appellant answered denying the allegations of the complaint and requesting trial by jury on the issue of paternity as provided by Section 742.031, Florida Statutes, F.S.A. Appellee thereupon filed a motion for summary judgment asserting that there was no genuine material issue to be tried. The motion was supported by her own affidavit substantially re-asserting the essential allegations of the complaint. She filed an affidavit by a reputable physician affirming the fact of pregnancy. The doctor's affidavit also fixed the time of conception at a time approximating the period of appellee's alleged intimacies with appellant. The appellant opposed the motion for summary judgment with a counter-affidavit by which he denied paternity of the child, denied the alleged intimate relations with appellee and asserted further that she had had such relations with numerous other men.
Appellee then sought to take appellant's deposition whereby through her counsel she undertook to interrogate him in detail on the matter of his associations with appellee, the alleged intimacies with her and other questions bearing directly on the issues. In response to these questions the appellant declined to answer by asserting the constitutional privilege against self-incrimination guaranteed to him by the Fifth Amendment to the Constitution of the United States and by Section 12 of the Declaration of Rights of the Florida Constitution, F.S.A.
The appellee then moved the trial court to strike appellant Jones' affidavit if he continued to refuse to answer the questions. The court thereupon entered an order which provided that the defendant "upon reasonable notice given shall appear for the purpose of having his deposition taken further and shall then have the election in his sole discretion to determine whether he wants to answer questions propounded in this examination regarding the affidavit by him filed * * * in opposition to the motion for summary judgment filed by the plaintiff and regarding the matters by him stated in said affidavit". The judge further ordered "that if the defendant elects not to answer said questions then his affidavit will be stricken under the power given to the Court by paragraphs E and G of Rule *302 1.36, Florida Rules of Civil Procedure [30 F.S.A.]".
On a subsequent deposition hearing the appellant Jones continued to assert his privilege against self-incrimination in response to the same questions which had previously been propounded to him. Thereupon on subsequent hearing the trial judge struck appellant's affidavit against the motion for summary judgment and entered the summary judgment against appellant. Reversal of this order is now sought.
Appellant contends that the order of the trial judge directing him to answer the questions as an alternative to having his affidavit stricken denied him the constitutional privilege against self-incrimination. Appellee contends that appellant had waived his privilege by filing the affidavit denying the allegations of the complaint and that at any rate his affidavit was obviously filed in bad faith and was not entitled to consideration by the court.
Preliminary to a discussion of the rules applicable, it should be noted that the only questions propounded to the appellant were such as would justify the exercise of the constitutional privilege against self-incrimination. He was not interrogated as to any other witnesses who might testify in his behalf. No effort was made to elicit from him the manner or methods of proof by which he expected to support his counter-affidavit. His alleged default in replying is based entirely on the proposition that he was entitled to assert the privilege personal to him but that if he did so he subjected himself to having his affidavit stricken.
It is further interesting to note that among other things the appellant was interrogated as to various conversations with the very doctor whose affidavit appellee filed in support of her position. The affidavit of the doctor contained no statements whatsoever as to any of these conversations with the appellant.
We have consistently recognized that the summary judgment procedure authorized by Rule 1.36, Florida Rules of Civil Procedure, is designed to provide trial judges with authority to terminate litigation without the necessity of a full trial if it is apparent that there is no genuine issue of a material fact to be settled. Anderson v. Maddox, Fla. 1953, 65 So.2d 299.
On a motion for a summary judgment the trial court is not authorized to try or weigh facts. Yost v. Miami Transit Co., Fla. 1953, 66 So.2d 214. The objective to be accomplished is to determine the existence of a material factual issue. If such an issue is present, the motion should be denied. Johnson v. Studstill, Fla. 1954, 71 So.2d 251. If there is any doubt as to the existence or non-existence of a genuine issue of a material fact, then such doubt must be resolved against the movant. Manning v. Clark, Fla. 1954, 71 So.2d 508. This is so because the burden is upon the movant to establish the proposition that no genuine issue on a material fact exists.
While summary judgment procedure is to be commended as a procedural facility for bringing an early termination to cases that lack genuine and material factual issues, nevertheless, the power to enter a judgment summarily should be exercised with a degree of circumspection in view of its potentialities for encroaching upon our traditional processes for determining the rights of parties to a cause.
In the matter before us the trial judge recited in his order striking appellant's affidavit that he was proceeding under paragraphs (e) and (g) of Rule 1.36, Florida Rules of Civil Procedure. We find nothing in the rule cited to justify striking the affidavit of the appellant especially under the circumstances reflected by this record. Paragraph (e) of the rule requires that the opposing affidavits be made on personal knowledge, that they shall show affiant competent to testify as to the matters stated *303 and shall set forth facts admissible in evidence.
Although it is true that on the deposition the appellant declined to answer various questions propounded to him because of self-incrimination, nonetheless, there is nothing in that position that is inconsistent with the requirements of the rule as to the content of the affidavit. Questions that he declined to answer did not cover the entire area of proof that was available to him. To illustrate: he could show impossibility of paternity by establishing the fact that he was absent from the state during the possible period of conception. He might show sterility that would preclude all possibility of conception. Such testimony would have been completely consistent with his affidavit and yet was not covered by the questions propounded at the hearing. Clearly therefore the affidavit of appellant was sufficient to create a genuine issue on a material fact, to wit, paternity. The presence of such an issue was not precluded by the questions propounded to appellant.
As to paragraph (g) of the rule used as the basis for the order of the trial judge, we find nothing at all that justifies striking an affidavit even filed in bad faith and for purposes of delay. Under that section of the rule the court may impose upon an offending party costs and reasonable expenses incurred by the opposing party occasioned by the filing of the bad faith affidavit. He may also be adjudged in contempt of court. There is no authority in that section of the rule for striking the affidavit. In fact the section of the rule under consideration apparently presupposes that the bad faith affidavit has actually generated the issue necessitating proofs by the opposing party for which costs and expenses are allowed.
We cannot overlook the fact that the constitutional guarantee against compelling a person to be a witness against himself must be broadly and liberally construed in order to secure the protection designed to be accomplished by it. State ex rel. Byer v. Willard, Fla. 1951, 54 So.2d 179. The privilege guaranteed by the Constitution may be waived because it is personal to the witness and he alone is entitled to invoke it. Such waiver is accomplished by the voluntary disclosure of his own guilt. Williams v. State, 156 Fla. 300, 22 So.2d 821. It is not waived, however, merely by a denial of guilt or by contesting the commission of the offense alleged. Ex parte Senior, 37 Fla. 1, 19 So. 652, 32 L.R.A. 133. In actuality that is all that the appellant did in the court below by the filing of his counter-affidavit denying paternity.
We are not here intending to hold that the summary judgment procedure is not available in a matter such as the one before us. Further, this opinion is not to be construed as holding that a party can merely file a counter-affidavit forming an issue on a material fact and then seek cover under the Fifth Amendment in order to avoid a summary judgment. Under such circumstances it is appropriate to use our pre-trial discovery procedures to reveal that the defending affiant actually has no competent evidentiary support for his affidavit. If this is clearly demonstrated then a summary judgment may properly follow. When his own testimony is all that he has to offer and he forestalls testifying by asserting his constitutional privilege then his affidavit has no competent evidentiary support and summary judgment may follow. In the case before us, the appellee, by the questions propounded did not establish that appellant was completely without competent evidentiary support on the critical issue of paternity.
The summary judgment procedure may still be available to the appellee provided she carries the burden of showing the non-existence of any genuine issue on a material fact and provided further that after due notice it is established that the appellant has no evidence to support his *304 counter-affidavit. Appellant's counter-affidavit alone would not prevent entry of a summary judgment for appellee if it is established that he has no competent evidence available to support his position on the material issues of the case.
The judgment appealed from is reversed and the cause remanded for further proceedings consistent with this opinion.
Reversed and remanded.
DREW, C.J., and TERRELL and HOBSON, JJ., concur.