ALLEN, Judge.
This is an appeal from a summary judgment in a suit for money due on an oral agreement. B. F. Roberts sued Allen Kroblin, Inc., for $933.50 allegedly due under an oral agreement between plaintiff and defendant whereby plaintiff transported two truck loads of eggs for defendant. Defendant counterclaimed for losses allegedly incurred by defendant because of plaintiff’s negligence in transporting said eggs. Upon plaintiff’s motion for summary *581 judgment and affidavits filed by both parties, the trial judge entered summary judgment in favor of plaintiff. Defendant appeals.
Plaintiff’s complaint alleged that he had, pursuant to an oral agreement, hauled two loads of eggs for defendant, that the agreed price was a total of $1,383.50, and that defendant owed a balance of $933.50.
Defendant answered by denying any sum to be due plaintiff and by alleging said eggs were hauled pursuant to written agreements. Defendant then counterclaimed for loss in the sale of said eggs allegedly incurred because of plaintiff’s negligence in refrigerating said eggs. As a result, defendant claimed a balance due from plaintiff of $280.20.
Plaintiff replied to defendant’s counterclaim by general denial.
Plaintiff moved for summary judgment, and the parties filed a total of seven affidavits, four by plaintiff and three by defendant. The trial judge entered summary judgment based on said affidavits, granting the damages sought by plaintiff and denying defendant’s counterclaim.
From the affidavits on file in the case, it appears that defendant leased a refrigerator truck from plaintiff for the purpose of transporting a truck load of fresh eggs from Guthrie Center, Iowa, to Miami, Florida. The truck was driven by one of plaintiff’s drivers.
The eggs were picked up in Guthrie Center, after some delay, and were transported to Miami. There the eggs were inspected by a government official and were designated as “Grade B.” As a result, the consignee refused the shipment, having ordered “Grade A” eggs. The driver informed defendant of the situation, by telephone, and after a lay-over of three days, the driver was instructed to deliver the shipment to South Bend, Indiana. This he did, and the eggs were accepted by the second consignee.
The parties seem to agree upon the general statement of facts just recited. However, they do not agree upon the reason why the shipment of eggs were “Grade B” rather than “Grade A.” Neither do they agree on the nature of the agreement under which the eggs were transported by plaintiff.
Apparently, the grade of fresh eggs results from one or more of a number of factors. These factors include the age and physical condition of the producing hen, feed given the hen and temperature to which the eggs have been exposed. The mentioned factors are the only ones shown by the record, though there are others unrelated to transportation.
Plaintiff’s affidavits indicate that the shipment of eggs, when received in Guthrie Center, Iowa, were not “pre-cooled,” but were loaded directly from pick-up trucks in ninety degree August weather. Defendant’s affidavits indicate that such eggs were pre-cooled before loading.
Plaintiff’s affidavits indicate that plaintiff’s driver “iced said truck at several intervals along the route, using due care to maintain as low a temperature as possible.” On the other hand, defendant contends that, since the eggs were pre-cooled, the only possible reason for the change in grade of the eggs was that they were not properly refrigerated during the trip to Miami.
Finally, plaintiff contends the shipment was made under an oral contract with defendant, while defendant presented a written contract, purportedly signed by plaintiff’s driver who denied such signature.
The above analysis of the issues in this case, though not necessarily covering every issue between the parties, is sufficient to indicate that there were controverted issues of fact, material to the determination of the respective claims of plaintiff and defendant, which necessitate a reversal of the lower court. Jones v. Stoutenburgh, *582 Fla.1956, 91 So.2d 299; Chereton v. Armstrong Rubber Co., Fla.1956, 87 So.2d 579.
Reversed and remanded for further proceedings.
KANNER, C. J, and KNOTT, JAMES R., Associate Judge, concur.