LILES, Chief Judge.
The appellant-defendant, Pacific Indemnity Company, is appealing from entry of summary judgment in favor of ap-pellee-plaintiff, Pinellas County.
Pinellas County, desiring insurance for monies and securities, published a legal advertisement advising insurance agents and companies that it would accept sealed bids for said insurance on February 21, 1967. This notice stated that the insurance bids were to be let in accordance with specifications on file with the purchasing department. Also, a letter was mailed to insurance agents and companies in the area, including the defendant, informing them that the County desired to obtain coverage. Accompanying this letter were the notice statements as published in the newspaper, the specifications, a bid form, and a schedule listing all known exposures and providing certain underwriting information. The specifications and bid form stated that the County required $4,000,000 in coverage. However, due to error on the part of the County, the attached schedule of exposure indicated that the County required only $400,000 in coverage for the peak period of November 1 to January 1.
The defendant submitted a bid and on February 21 when the bids were publicly opened it was learned that defendant was the low bidder. However, on March 3, prior to acceptance by the County, defendant informed the County that there had been an error in the computation of its bid and withdrew said bid.
The County awarded the contract to the next low bidder and filed suit for $3,115 which represented the difference between defendant’s bid and that of the closest bidder. In response to the County’s complaint defendant filed a defense alleging that the County had provided erroneous information regarding the amount of coverage desired and that defendant had relied upon this erroneous information in preparing its bid. The defendant filed a second affirmative defense alleging that the County was guilty of carelessness and negligence in preparing its schedule which contained an error regarding the amount of coverage sought. Defendant asserted that due to this error it understood that $400,000 of coverage was being sought when in fact the County required $4,000,000, and relying upon this error defendant inadvertently made an erroneous bid.
Defendant also filed a counterclaim seeking rescission of its bid and asserted that the County, through its schedule of exposure, had misinformed the defendant and that defendant relied upon this schedule in making its bid.
The County then filed an answer to defendant’s counterclaim wherein it admitted that it erred in preparing the schedule of exposure but alleged that it did not know if defendant relied upon the error in preparing its bid. Furthermore, the County claimed that the instructions to bidders made such reliance improper. As an affirmative defense the County alleged that due to defendant’s failure to immediately sue for rescission of its bid upon learning of the error, the County was unable to readvertise for bids. Therefore, alleged the County, it was unable to obtain coverage prior to expiration of its *60 existing coverage and it had to award the contract to the next lowest bidder.
In opposition to a motion by the County for summary judgment, the defendant filed the affidavit of one of its officers. He stated that it was his duty to supervise and prepare bid proposals to be submitted to the various counties. He further stated that it was impossible to compute a bid on the basis of information supplied by the specification sheet and that the computation of the bid was necessarily based on information provided in the schedule of exposure.
The defendant also filed the affidavit of the purchasing agent for the Board of County Commissioners. She stated that if someone contacted her requesting further information concerning the amount of coverage desired she would have referred them to the schedule of exposure.
On November 14, 1967, the hearing was held on the County’s motion for summary judgment and on November 17, 1967, the court entered an order granting the County’s motion. The defendant is appealing from that order.
It is established in this state that:
“On motion for summary judgment, the burden of proof is always on the moving party to make a clear showing of the absence of any genuine issue as to the material facts, and all doubts must be resolved against him. In making a motion for a summary judgment, the movant not only admits the basic facts established that are favorable to the adverse party, but also every conclusion or inference favorable to the adversary that might reasonably be inferred from the evidence. All evidence before the court must be viewed in the light most favorable to the party against whom the motion is made. The movant must exclude any real doubt as to the existence of any genuine issue of material fact. Since it is not the function of the trial court to adjudicate genuine factual issues at a hearing on such a motion, in ruling on the motion all inferences of fact from the proof proffered at the hearing must be drawn against the movant. The same considerations govern when an appeal is taken against the trial court’s ruling on motion for summary judgment.” 30 Fla.Jur. Summary Judgment § 22, Burden of Proof and Presumptions. See cases cited therein and Jones v. Stoutenburgh, Fla.1956, 91 So.2d 299; Humphrys v. Jarrell, Fla.App. 1958, 104 So.2d 404.
We find upon examination of the record on appeal that there existed genuine issues of material fact concerning the County’s complaint and the defendant’s defenses thereto. Some of these issues were: (1) Was the error contained in the County’s schedule a material one? (2) Did the misunderstanding concerning the amount of coverage sought by the County constitute a mutual or unilateral mistake? (3) Was defendant negligent in not discovering the County’s error? (4) Was defendant justified in relying upon the schedule to the exclusion of the other information provided by the County ?
 As stated in the above-quoted passage, on the County’s motion for summary judgment the burden of proof rested upon the County to clearly show a lack of any genuine issue of material fact. Furthermore, in making a motion for summary judgment the County not only admitted those basic established facts that are favorable to the defendant, but also every conclusion or inference favorable to the defendant that might be reasonably inferred from the evidence.
Although the above listed issues were before the court, it did not deny the County’s motion for summary judgment. Instead, the trial court held that the error in the County’s schedule was not material and that the confusion concerning the desired amount of coverage resulted from a unilateral mistake on the part of the *61 defendant instead of a mutual mistake. The court further held that defendant was not justified in relying solely upon the erroneous schedule and that defendant was negligent in not discovering the County’s error.
In light of the complaint and answer, the affidavits, the trial court’s order, and the applicable legal proposition, we believe the court misapprehended its duty and acted as a trier o'f' fact instead of confining itself to the determination of whether genuine issues of material fact were present.
The trial court gave no specific reason for summarily denying defendant’s counterclaim but stated that the court’s conclusion concerning the County’s complaint and the defendant’s answer thereto are equally dispositive of the counterclaim. Thus, it appears that the court based its denial upon its conclusion that “the defendant Company was negligent and that such negligence caused its own injury. It cannot, now, rely on its own mistake, through its own fault, for relief therefrom.”
In State Board of Control v. Clutter Const. Corp., Fla.App.1962, 139 So.2d 153, the appellate court held that a construction company was entitled to withdraw its erroneous bid on a public contract even though the error was due to a mistake on its part. The company, a general contractor, prepared a bid for construction of a building and submitted said bid to a state agency. Upon opening the bids it was learned that the company’s bid was $182,000 less than the next lowest bid. The company then rechecked its bid and discovered an error. This error was caused either by a malfunction of a computing machine or by a mistake of an employee. Upon discovering the error and prior to acceptance of its bid by the agency, the company notified the agency, requested permission to withdraw its bid and sought return of its $80,000 good faith check. Upon refusal of the agency to comply with its requests, the company sued for rescission of its bid. The chancellor held that a bidder may seek equitable relief upon the following conditions:
“(a) the bidder acted in good faith in submitting the bid; (b) in preparing the bid there was an error of such magnitude that enforcement of the bid would work severe hardship upon the bidder; (c) the error was not a result of gross negligence or wilful inattention; (d) the error was discovered and communicated to the Board before the bid was accepted. * * * ” State Board of Control v. Clutter Const. Corp., supra, at page 155.
The appellate court in affirming the chancellor’s order granting rescission said at page 156:
“ * * * [Wjhere a bidder is able to establish by clear and convincing evidence that he has made an honest mistake not due to gross or wilful negligence, and is willing and able to do that which is necessary to protect and preserve and public interest, common honesty as well as principles of equity would dictate that he be granted some form of relief, particularly when the potential loss resulting from the mistake is so substantial as would work an unjust hardship if relief were denied.”
From the papers on file it does not conclusively appear that defendant would not be able to qualify under the four conditions recited in Clutter. Therefore, the trial court erred in holding that defendant’s counterclaim for rescission presented no genuine issues of material fact.
Based upon the foregoing, we find that the trial court erred in granting the County’s motion for summary judgment. Therefore, the order is reversed.
ALLEN and MANN, JJ., concur.