PER CURIAM.
Anthony Montgomery appeals his convictions for first degree murder, attempted robbery, and unlawful possession of a firearm. We affirm.
Just prior to trial, Montgomery’s defense counsel requested that the State’s latest plea offer and Montgomery’s rejection of that plea be put in the record. When the trial court asked Montgomery what he wished to do regarding the plea offer, Montgomery responded: “I don’t have no defense and my lawyers have a conflict.” At that point, he was cautioned not to discuss his case. Montgomery now argues that he is entitled to a new trial because the trial court failed to conduct an inquiry into the nature of the conflict. We disagree.
Trial courts are under no obligation to conduct a Nelson inquiry where a defendant makes no allegation of incompetence of counsel and the defendant’s grievances were an expression of frustration over his lawyer’s recommendation to accept a plea bargain. See Merelus v. State, 735 So.2d 552, 554 (Fla. 3d DCA 1999). The circumstances that surround Montgomery’s statement indicate that he and his defense counsel disagreed on whether Montgomery should accept the plea offer. Montgomery never stated the nature of the conflict nor did he mention it again. To this day, there has been no further elucidation of this passing reference to a “conflict.” We thus affirm without prejudice for Montgomery to seek relief pursuant to rule 3.850, Florida Rules of Criminal Procedure, if a genuine conflict of interest existed between Montgomery and his defense attorneys.
Montgomery’s other arguments lack merit.
Affirmed.