939 So.2d 173 (2006)
JOHN EDWARD BLANDING, II, Appellant,
v.
STATE OF FLORIDA, Appellee.
Case No. 1D05-1757.
District Court of Appeal of Florida, First District.
Opinion filed October 5, 2006.
Nancy A. Daniels, Public Defender, and Edgar Lee Elzie, Jr., Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Christine Ann Guard, Assistant Attorney General, Tallahassee, for Appellee.
THOMAS, J.
After being sentenced to eight years of incarceration followed by 10 years of probation for his role in two bank robberies, Appellant filed a motion to correct a sentencing error pursuant to rule 3.800(b)(2), Florida Rules of Criminal Procedure (2005). Appellant's claim was that his sentence was greater than he had agreed to in his plea, therefore, it could not be imposed without first giving him an opportunity to withdraw said plea. When the court agreed and gave Appellant the choice between a new, legal sentence or withdrawing his plea and going to trial, Appellant informed the court that he had "some issues of ineffective assistance of counsel." After the trial court granted Appellant's motion and reduced his sentence to the maximum agreed-upon sentence under the plea, Appellant filed a second rule 3.800(b)(2) motion, claiming that the trial court should have conducted a Nelson hearing when Appellant stated he had "some issues with ineffective assistance of counsel." Appellant now appeals the trial court's denial of this motion.
In Nelson v. State, 274 So. 2d 256 (Fla. 4th DCA 1973), the Fourth District held that if a defendant makes it clear to the trial court that he or she desires to discharge his or her court-appointed counsel, the trial court should inquire as to the reason for the request. The court further held that
If incompetency of counsel is assigned by the defendant as the reason, or a reason [for discharge], the trial judge should make a sufficient inquiry of the defendant and his appointed counsel to determine whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant. If reasonable cause for such belief appears, the court should make a finding to that effect on the record and appoint a substitute attorney who should be allowed adequate time to prepare the defense. If no reasonable basis appears for a finding of ineffective representation, the trial court should so state on the record and advise the defendant that if he discharges his original counsel the State may not thereafter be required to appoint a substitute.
Id. at 258-259.
The Florida Supreme Court subsequently adopted this procedure in Hardwick v. State, 521 So. 2d 1071, 1074-1075 (Fla. 1988). As Nelson and its progeny have noted, however, a defendant must do more than merely express dissatisfaction with his or her attorney for a Nelson hearing to be triggered. Morrison v. State, 818 So. 2d 432, 440 (Fla. 2002). In fact, an examination of case law suggests that a Nelson hearing is required only when a three-prong test is satisfied: First, the defendant must make a "clear and unequivocal" statement that he wishes to discharge appointed counsel. Logan v. State, 846 So. 2d 472, 477 (Fla. 2003). Second, the reason for the requested discharge must be a claim of incompetence. Smelley v. State, 486 So. 2d 669, 670 (Fla. 1st DCA 1986). Third, the alleged ineffectiveness must arise from the current representation by counsel, not past indiscretions. See Denson v. State, 689 So. 2d 1274, 1275 (Fla. 5th DCA 1997) ("It is the purpose of the Nelson inquiry to determine if the appointed counsel is performing adequately and if not, to replace such counsel. The Nelson inquiry has no role in past ineffectiveness of counsel") (emphasis in original).
In this case, we find that the trial court did not err when it failed to conduct a Nelson hearing after Appellant's statement. Appellant's claim fails on all three prongs of the test laid out above. Appellant's statement did not amount to a "clear and unequivocal" request that he wished to discharge counsel, but was rather a vague and generalized complaint that he had an issue with his attorney. Appellant also did not request the discharge of his court-appointed counsel because of incompetence. Furthermore, Appellant's complaint did not relate to allegations that counsel was ineffective during sentencing; his complaints involved his designation as an HFO, plea offers from the State, and potential double jeopardy violations. All of these alleged deficiencies occurred before the sentencing hearing appealed here and thus relate to claims of past ineffectiveness rather than present representation. Under the foregoing, we hold that a Nelson hearing was not required. Therefore, the trial court's denial of Appellant's rule 3.800(b)(2) motion is AFFIRMED.
ERVIN and WEBSTER, JJ., CONCUR.
NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED.