958 So.2d 995 (2007)
Donald Shawn THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-2169.
District Court of Appeal of Florida, Fifth District.
May 25, 2007.
Rehearing Denied July 5, 2007.
James S. Purdy, Public Defender, and Leonard R. Ross, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
*996 EVANDER, J.
Thomas appeals a final judgment of conviction and sentence after a jury found him guilty of fleeing a law enforcement officer,[1] resisting an officer without violence,[2] and reckless driving.[3] During his trial, Thomas advised the court that he wanted to represent himself for the remainder of the trial. The trial court denied his request without first conducting a Faretta[4] inquiry. We affirm.
In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), which dealt with a request for self-representation made prior to the commencement of the trial, the Supreme Court held that the Sixth Amendment right to the assistance of counsel includes the right to represent oneself. However, a defendant may waive his right to self-representation, just as he may waive his right to counsel. McKaskle v. Wiggins, 465 U.S. 168, 182, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984).
The waiver of the right to self-representation may be found where a defendant fails to timely assert that right. United States v. Singleton, 107 F.3d 1091, 1096 (4th Cir.1997). Consequently, some federal courts have recognized that if a defendant proceeds to trial with counsel and asserts his right to self-representation only after a trial has begun, the court may deny the defendant's request, or may otherwise limit or condition the request. Id. See also United States v. Young, 287 F.3d 1352 (11th Cir.2002).
In Florida, it has been held that after a trial has begun with the defendant being represented by counsel, the decision of whether to allow a defendant to proceed pro se rests in the sound discretion of the trial court. Lyons v. State, 437 So.2d 711 (Fla. 1st DCA 1983).
When exercising this discretion, the trial court should make inquiry of the defendant as to why the defendant desires to represent himself. The trial court must then balance the legitimate interest of the defendant against the potential disruption of the proceedings already in progress. Id. at 712.
In the present case, the state had rested and Thomas had testified prior to Thomas stating that he wanted to represent himself. The record reflects that immediately prior to this statement, Thomas was upset and having considerable difficulty in deciding whether he even wanted to remain in the courtroom for his trial. He continuously interrupted the trial judge when the judge tried to explain the benefits of remaining in the courtroom. Furthermore, it appears Thomas' actual complaint was that the trial was unfair because the initial witnesses were law enforcement officers.
We conclude that under the facts of this case, the trial court did not abuse its discretion in denying Thomas' request for self-representation.
AFFIRMED.
PLEUS, C.J. and ORFINGER, J., concur.
NOTES
[1] § 316.1935(1), Fla. Stat. (2005).
[2] § 843.02, Fla. Stat. (2005).
[3] § 316.192(1), (2)(a), Fla. Stat. (2005).
[4] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).