ORFINGER, C.J.
Jesse E. Laramee challenges his multiple convictions of sexually-related felonies, claiming that the trial court erred by failing to hold Nelson[1] or Faretta[2] hearings. We reverse.
The trial court initially appointed the public defender to represent Mr. Laramee. However, as a result of the public defender’s conflict of interest, attorney Edwin Tilton was appointed to represent Mr. Laramee. Several weeks before the *343 scheduled trial, Mr. Laramee sent a letter to the trial judge, complaining that Mr. Tilton only met with him once and disregarded his direction to depose twelve specifically named people. Mr. Laramee attached a copy of a previously filed Florida Bar complaint, which alleged that Mr. Til-ton’s representation lacked competence because, in addition to meeting with him only once, Mr. Tilton said that he was not going to do any work on the case, refused to investigate alleged exculpatory evidence, and discussed the amount of money that he expected to bill the state for his representation. Mr. Laramee also attached a statement to his bar complaint, alleging that fellow inmate “Steven Haecky” (also referred to in the record as “Haecker” and “Hager”) confessed to his cellmate Hugh Riddick, that he and the victim’s mother had molested the victim. The letter claimed that Mr. Laramee informed Mr. Tilton about Mr. Haecky’s alleged confession, but Mr. Tilton refused to explore the issue.
At a pre-trial conference held one week before trial, the following exchange transpired:
MR. LARAMEE: Your Honor, may I say something?
THE COURT: Mr. Laramee, your attorney is on the phone.
MR. LARAMEE: I understand that, Your Honor. I got to address these issues with my — about my attorney. I’ve had him four and a half months and this guy has only seen me five minutes in jail, July 20th, that’s it. I got seven days to go to trial. He told me that he had a case last year with you in the summer and that you paid him $15,-000 — he did a bill and submitted it to you and you paid off on the bill after-wards at the trial, Your Honor.
And my people have called him and he gave inside details of my case to my people. I didn’t give him no privilege— no permission, Your Honor, to talk to these people.
THE COURT: Anything else, Mr. Laramee?
MR. LARAMEE: Yes, Your Honor. I’m going pro se — I’m filing. I refuse to go to court with somebody who ain’t seen me at all, and I’m supposed to go to trial and I have my life on the line.
THE COURT: Okay. Well your decision, your, quote, pro se decision to fire him is denied, and I’ll tell you why. It’s because there is a series of cases that say when we’re on the eve of trial and there is a request like that and nothing more than that, there is nothing more, you haven’t filed anything, there is nothing more than a statement here in the courtroom in the presence of your attorney of overall — or some dissatisfaction of your present status, is that is an insufficient reason to think that you can represent yourself pro se.
So, that having been said — and we are on the eve of trial — so that having been said, Mr. Tilton, we’ll see you on Monday morning at 8:80 to begin the jury selection.
On the morning of trial, the State moved to prohibit any mention of Mr. Haecky’s alleged statement to Mr. Riddick. The State asserted that Mr. Haecky was represented by counsel, would therefore invoke his Fifth Amendment privilege against self-incrimination if called as a witness, and, as a result, Mr. Riddick’s testimony would be hearsay. The trial court agreed that the defense could not call Mr. Haecky to the witness stand with knowledge that he would assert his Fifth Amendment right.[3] The trial proceeded, and Mr. Lara- *344 mee was found guilty on all charges and sentenced to multiple terms of life in prison.
Mr. Laramee first argues that the trial court erred in failing to conduct a proper Nelson inquiry before denying his request to discharge counsel. When a defendant complains that his appointed counsel is ineffective, the trial court is required to make a sufficient inquiry to determine whether appointed counsel is rendering effective assistance to the defendant. See Howell v. State, 707 So.2d 674, 680 (Fla.1998); Hardwick v. State, 521 So.2d 1071 (Fla.1988), superseded by rule, Fla. R.Crim. P. 3.111(d)(3), on other grounds as recognized in McKenzie v. State, 29 So.3d 272, 281 (Fla.2010). However, to trigger a hearing, a defendant must do more than merely express general dissatisfaction with his or her attorney. Morrison v. State, 818 So.2d 432, 440 (Fla.2002). A Nelson hearing is required only when the defendant makes a “clear and unequivocal” statement that he wishes to discharge appointed counsel, the discharge request is based on a claim of incompetence, and the alleged ineffectiveness arises from counsel’s current representation. Blanding v. State, 939 So.2d 173, 175 (Fla. 1st DCA 2006). Here, Mr. Laramee’s requests satisfied each prong of the Blanding test.[4] The trial court should have conducted a full Nelson hearing.[5]
Mr. Laramee next argues that the trial court erred in failing to conduct a Faretta hearing after his request to represent himself. We agree. In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court explained that the Sixth Amendment grants each criminal defendant the right of self-representation, irrespective of consequences. State v. Bowen, 698 So.2d 248, 250 (Fla.1997). The choice to invoke this right “must be honored out of ‘that respect for the individual which is the lifeblood of the law.’” Faretta, 422 U.S. at 834, 95 S.Ct. 2525 (quoting Illinois v. Allen, 397 U.S. 337, 350-51, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970)). Before the trial court is required to conduct a hearing to decide whether to permit self-representation, the defendant’s request for self-representation must be clear and unequivocal. McCray v. State, 71 So.3d 848, 864 (Fla.2011); State v. Craft, 685 So.2d 1292, 1295 (Fla.1996) (“[O]nly an unequivocal assertion of the right to self-representation will trigger the need for a Faretta inquiry.”). Here, during the pre-trial hearing, Mr. Laramee stated, “I’m going pro-se — I’m filing. I refuse to go to court with somebody who ain’t seen me at all.... ” This statement was an unequivocal and clear request for self-representation and the court should have conducted a Faretta hearing.[6]
*345 The trial court denied Mr. Laramee’s request based on its conclusion that his dissatisfaction with counsel, expressed on the “eve of trial,” was an insufficient basis for him to invoke his right of self-representation. However, a defendant need not articulate a reason to invoke his right of self-representation. Nor was Mr. Laramee’s request untimely, as it was made one week before trial. While a defendant’s request for self-representation may be summarily denied if not timely asserted, ordinarily, a request is timely if made prior to the trial’s commencement. Compare Pasha v. State, 39 So.3d 1259, 1262 (Fla.2010) (reversing convictions where trial court denied defendant’s self-representation request made just prior to jury selection), with United States v. Young, 287 F.3d 1352 (11th Cir.2002) (holding defendant’s request for self-representation untimely per se if made after jury empanelled), United States v. Kosmel, 272 F.3d 501, 506 (7th Cir.2001) (holding that once trial begins, court retains discretion to deny right of self-representation after balancing interest of defendant against potential disruption of proceedings), United, States v. Wesley, 798 F.2d 1155, 1155-56 (8th Cir.1986) (holding that after trial begins, right of self-representation is subject to trial court’s discretion, which requires balancing test), and Lyons v. State, 437 So.2d 711, 712 (Fla. 1st DCA 1983). The court was required to hold a Faretta hearing, and its failure to do so requires reversal.
Finally, we address one remaining issue that may present itself on retrial. Mr. Laramee should be given the opportunity to present all relevant exculpatory evidence. We understand that if called to testify, Mr. Haecky may invoke his Fifth Amendment right and refuse to testify. However, until he does so, outside the presence of the jury, neither the trial court, nor counsel, can invoke that right for Mr. Haecky, as the privilege is strictly a personal one that only he can assert.[7] Nor should the court assume he would do so, absent a stipulation of the parties or an unequivocal statement to that effect from Mr. Haecky. See Jones v. Stoutenburgh, 91 So.2d 299 (Fla.1956); Perez v. State, 673 So.2d 160 (Fla. 4th DCA 1996). Should Mr. Haecky invoke his right against self-incrimination, Mr. Riddick’s testimony still may be admissible under the statement against interest hearsay exception, as Mr. Laramee argues on appeal. See Masaka v. State, 4 So.3d 1274, 1279 (Fla. 2d DCA 2009) (reiterating four-part test for admissibility to include; (1) whether declarant is unavailable, and if so, (2) whether statements are relevant, (3) whether statements tend to inculpate de-clarant and exculpate defendant, and (4) whether statements are corroborated); Henyard v. State, 992 So.2d 120 (Fla.2008) (holding declarant is “unavailable,” for purposes of hearsay exception for declaration against interest, if trial court sustains assertion of Fifth Amendment privilege against self-incrimination).
*346 REVERSED and REMANDED for a new trial.
MONACO and COHEN, JJ. concur.

. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

. The record is unclear as to whether Mr. Tilton ever spoke to Mr. Haecky or Mr. Rid-dick.

. The record suggests that the trial court only considered the statements that Mr. Laramee made in court when declining his request to discharge Mr. Tilton. However, the trial court should also have considered Mr. Laramee's complaint letter. Logan v. State, 846 So.2d 472, 476-77 (Fla.2003).

. The failure to conduct a Nelson hearing is reversible error, Finfrock v. State, 84 So.3d 431 (Fla. 2d DCA 2012), but subject to a harmless error analysis. Marti v. State, 756 So.2d 224 (Fla. 3d DCA 2000). However, because we are reversing on other grounds, we need not engage in that analysis.

. Florida law is clear that a trial court's failure to hold a Faretta hearing is not subject to a harmless error analysis, and is per se reversible error. See Tennis v. State, 997 So.2d 375, 377-80 (Fla.2008); State v. Young, 626 So.2d 655, 657 (Fla. 1993) ("[T]he United States Supreme Court decision in Faretta and our rule 3.111(d) require a reversal when there is not a proper Faretta inquiry.”); Rodriguez v. State, 982 So.2d 1272, 1274 (Fla. 3d DCA 2008) (holding that court's failure to conduct Faretta hearing was reversible error); *345 Goldsmith v. State, 937 So.2d 1253, 1256-57 (Fla. 2d DCA 2006) (holding that denial of right of self-representation is not amenable to harmless error analysis).

. We recognize that it is error for a trial court to permit a witness who is expected to invoke the Fifth Amendment to be allowed to testify in the jury’s presence solely for that purpose. Apfel v. State, 429 So.2d 85, 86-87 (Fla. 5th DCA 1983). Here, however, there is no basis in the record for the court to assume that Mr. Haecky would invoke that right. See United States v. Johnson, 488 F.2d 1206, 1211 (1st Cir.1973) ("Obviously, before excluding a witness, the court must first establish reliably that the witness will claim the privilege and the extent and validity of the claim.”).