ROTHENBERG, J.
C.H., a juvenile, appeals from a judgment finding him delinquent of trespassing upon school grounds while under suspension, but withholding adjudication and sentencing him to a judicial warning. Finding no abuse of discretion, see Torres v. State, 42 So.3d 910, 912 (Fla. 2d DCA 2010) (holding that the abuse of discretion standard of review is to be applied in determining whether a trial court conducted an adequate Nelson[1] inquiry), we affirm.
The sole issue on appeal is whether the trial court conducted a sufficient Nelson inquiry after C.H., who was being represented by court-appointed counsel, requested that the trial court provide him with “a new lawyer.” Pursuant to Nelson, 274 So.2d at 258-59, the trial court is required to take the following steps when faced with such a request.
1) The trial court should address the defendant to ascertain whether his or her request to discharge court-appointed counsel is unequivocal.
2) If the trial court determines that the defendant’s request is equivocal, no further inquiry is necessary.
3) However, if the trial court determines that the defendant’s request to *631 discharge court-appointed counsel is unequivocal, the trial court has a duty to conduct a preliminary inquiry to ascertain the defendant’s reason(s) for the request. See Jackson v. State, 33 So.3d 833, 835 (Fla. 2d DCA 2010) (“When faced with a motion to dismiss appointed counsel, the court has a duty to ascertain from the defendant whether the request is unequivocal and to explore the reasons behind the request; this is a preliminary Nelson inquiry.”).
4) If the defendant’s complaint is generalized dissatisfaction with his or her appointed counsel, then no further inquiry is necessary. See Laramee v. State, 90 So.3d 341, 344 (Fla. 5th DCA 2012) (“[T]o trigger a [Nelson ] hearing, a defendant must do more than merely express general dissatisfaction with his or her attorney. A Nelson hearing is required only when the defendant makes a ‘clear and unequivocal’ statement that he wishes to discharge appointed counsel, the discharge request is based on a claim of incompetence, and the alleged ineffectiveness arises from counsel’s current representation.”) (citations omitted).
5) However, if the defendant’s request to discharge court-appointed counsel is based on a claim of incompetency of counsel (ineffective assistance of counsel), the trial court is required to make a more complete inquiry of the defendant and of his or her court-appointed counsel to determine if there is a reasonable basis to believe counsel is not providing effective assistance to the defendant.
6) If the trial court determines that there is a reasonable basis to believe that court-appointed counsel is providing ineffective assistance, the trial court shall make the findings on the record, grant the defendant’s request to discharge court-appointed counsel, appoint substitute counsel, and allow the newly appointed counsel to have an adequate time to prepare his or her defense.
7) However, if the trial court determines that there is no reasonable basis to believe that court-appointed counsel is providing ineffective assistance, the trial court shall make such a finding on the record and inform the defendant that if court-appointed counsel is discharged, the State is not required to appoint substitute counsel.
8) If the defendant continues to express a desire to discharge his or her court-appointed counsel and to represent himself or herself, a Faretta[2] inquiry must be made. See Davila v. State, 829 So.2d 995, 996 (Fla. 3d DCA 2002) (“If court-appointed counsel is found to be rendering effective assistance, and the defendant insists that he still wants to discharge him or her, a Faretta hearing is in order.”) (footnote omitted).
In the instant case, a review of the record reflects that C.H. made an unequivocal request to discharge his court-appointed counsel. Thereafter, the trial court conducted the requisite preliminary Nelson inquiry to ascertain C.H.’s reason(s) for the request. The preliminary inquiry revealed that C.H.’s request was not based on an assertion of court-appointed counsel’s incompetency. Rather, C.H.’s request was based on his belief that he did not “see eye to eye” with his court-appoint *632 ed counsel because counsel informed C.H. of the State’s plea offer, suggested to C.H. that he should accept the plea, and after C.H. told counsel that he wanted a trial, appointed counsel reiterated her belief that C.H. should accept the plea offer. As a result of this interaction between C.H. and his court-appointed counsel, C.H. did not feel comfortable with his court-appointed counsel representing him at trial.
As the record demonstrates, the preliminary Nelson inquiry revealed that C.H.’s grievances were nothing more than his frustration over counsel’s recommendation that C.H. should accept the State’s plea offer, see Cottle v. State, 733 So.2d 963, 966 (Fla.1999) (“[D]efense attorneys have the duty to inform their clients of plea offers.”), and not based on counsel’s incompetence, the trial court did not abuse its discretion by failing to conduct a full Nelson inquiry. See Montgomery v. State, 811 So.2d 726, 726 (Fla. 3d DCA 2002) (“Trial courts are under no obligation to conduct a Nelson inquiry where a defendant makes no allegation of incompetence of counsel and the defendant’s grievances were an expression of frustration over his lawyer’s recommendation to accept a plea bargain. The circumstances that surround Montgomery’s statement indicate that he and his defense counsel disagreed on whether Montgomery should accept the plea offer.”) (citation omitted); Merelus v. State, 735 So.2d 552, 552-53 (Fla. 3d DCA 1999) (holding that trial court was not required to conduct a full Nelson inquiry where defendant’s frustration with court-appointed counsel was because counsel “strongly recommended” that defendant accept the State’s plea offer); see also Smith v. State, 641 So.2d 1319, 1321 (Fla.1994) (“A trial court must conduct [a Nelson] inquiry only if a defendant questions an attorney’s competence.”); Wilson v. State, 889 So.2d 114, 118 (Fla. 4th DCA 2004) (“[A] Nelson hearing is necessary only where a defendant has specifically expressed ‘formal allegations’ about an attorney’s competence that the trial court must explore. To trigger a Nelson hearing, a defendant must raise specific allegations of attorney incompetence sufficient to warrant the inquiry[.]”).
A review of the record also reflects that the trial court’s preliminary Nelson inquiry was sufficient. After the trial court determined that C.H.’s request to discharge his court-appointed counsel was unequivocal, the trial court properly ascertained the reasons for the request, which were not based on counsel’s incompetence. See Laramee v. State, 90 So.3d 341, 344 (Fla. 5th DCA 2012). Based on the nature of C.H.’s objection to his court-appointed counsel, the trial court was not required to inquire further or to appoint substitute counsel. Accordingly, we affirm.[3]
Affirmed.

. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973). In Hardwick v. State, 521 So.2d 1071, 1074-75 (Fla.1988), the Florida Supreme Court adopted the procedure set forth by the Fourth District Court of Appeal in Nelson when addressing a criminal defendant's request to discharge court-appointed counsel and to appoint new counsel.

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (establishing the standard for self-representation by a criminal defendant).

. As we find that the trial court did not abuse its discretion, we do not need to address C.H.’s assertion that failure to conduct a proper Nelson inquiry is per se reversible error. Nonetheless, we disagree with C.H.’s assertion because the trial court conducted a preliminary Nelson inquiry. See Torres, 42 So.3d at 912 ("Generally, the trial court’s ruling may also be reviewed to determine whether the error was harmless. However, a court’s failure to conduct any preliminary Nelson hearing is per se error such that a harmless error test does not apply.”); Jackson, 33 So.3d at 836 ("[WJhile the failure to conduct an adequate Nelson inquiry is subject to an abuse of discretion standard and, presumably, a harmless error analysis, the failure to conduct any inquiry is per se error.”).