# Third District Court of Appeal

## State of Florida

Opinion filed March 25, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-505
Lower Tribunal No. 07-21141
_____

**Stevenland Dwayne Davis,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Habeas Corpus.

Stevenland Dwayne Davis, in proper person.

Pamela Jo Bondi, Attorney General, for respondent.

Before SHEPHERD, C.J., and EMAS and SCALES, JJ.

EMAS, J.

Stevenland Davis filed a petition for writ of habeas corpus, alleging that he

was denied his constitutional right to effective assistance of appellate counsel for

failing to raise, on direct appeal, the trial court's denial of Davis' unequivocal request for self-representation. Claims of ineffective assistance of appellate counsel are analyzed through the same lens as claims of ineffective assistance of trial counsel, applying a corresponding version of the two-pronged test established in Strickland v. Washington, 466 U.S. 668 (1984). See Wilson v. Wainwright, 474 So. 2d 1162, 1163 (Fla. 1985). To be entitled to relief, Davis must:

1. Allege specific errors or omissions which demonstrate that "appellate counsel's performance deviated from the norm or fell outside the range of professionally acceptable performance;" and

2. Establish that this constitutionally-deficient performance prejudiced defendant in that it "compromised the appellate process to such a degree as to undermine confidence in the fairness and correctness of the appellate result."

Id.

A defendant has a constitutional right to represent himself if he makes an unequivocal request and a knowing, voluntary and intelligent waiver of his right to court-appointed counsel. Faretta v. California, 422 U.S. 806 (1975); McCray v. State, 71 So. 3d 848 (Fla. 2011). However, such a right must be asserted timely or it may be deemed waived. See United States v. Singleton, 107 F.3d 1091 (4th Cir. 1997); Laramee v. State, 90 So. 3d 341 (Fla. 5th DCA 2012); Thomas v. State, 958 So. 2d 995 (Fla. 5th DCA 2007). A review of the record indicates that trial had

2

already commenced at the time of Davis' request. The jury had been selected and sworn, opening statements had been presented, and the State's first witness had already completed her testimony when Davis made his request. There is no question that the request for self-representation, while unequivocal, was untimely.

In Laramee, our sister court suggested in *dicta* that an untimely request for self-representation may be summarily denied. Laramee, 90 So. 3d at 345. But see Lyons v. State, 437 So. 2d 711 (Fla. 1st DCA 1983) (holding that decision on an untimely request for self-representation rests in the sound discretion of the trial court); Thomas, 958 So. 2d at 996 (same, citing Lyons); McCray, 71 So. 3d at 870 (same, and citing with approval Thomas and Lyons). See also Singleton, 107 F. 3d at 109 (holding that "if a defendant proceeds to trial with counsel and asserts his right to self-representation only after trial has begun, that right may have been waived, and its exercise may be denied, limited, or conditioned. Accordingly, after trial has begun with counsel, the decision whether to allow the defendant to proceed pro se rests in the sound discretion of the trial court.").

We need not decide whether summary denial of an untimely request is proper because, in the instant case, the trial court did not summarily deny the request; instead it colloquied Davis about the reasons for, and the timing of, such a request. Following this inquiry, which our review reveals was adequate, the trial

3

court properly exercised its broad discretion and denied Davis' request for self-representation at that point in the trial.

Under these circumstances, there is no merit in Davis' claim that appellate counsel was constitutionally deficient for failing to raise this claim on direct appeal. See Rutherford v. Moore, 774 So. 2d 637, 646 (Fla. 2000) (holding that appellate counsel cannot be deemed ineffective for failing to raise a meritless issue on appeal) and cases cited.

Petition denied.