# Third District Court of Appeal

## State of Florida

Opinion filed January 21, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2126
Lower Tribunal No. F11-16168

_____

**Jimmie Evans,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Carlos Martinez, Public Defender, and Amy Weber, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before SCALES, C.J., and EMAS and FERNANDEZ, JJ.

EMAS, J.

Jimmie Evans appeals an order revoking his probation and imposing a sentence of life imprisonment. He contends, and we agree, that the trial court reversibly erred in failing to conduct a <u>Faretta</u>[1] inquiry following Evans' unequivocal request to represent himself. We vacate the order of revocation of probation and sentence and remand for further proceedings.

Evans appeared in court on September 23, 2024 for a probation violation hearing. Prior to the start of that hearing, the trial court addressed Evans' written request for a <u>Nelson</u>[2] hearing (which he had filed two weeks earlier), in which Evans expressed dissatisfaction with his court-appointed counsel. The trial court denied Evans' request for a <u>Nelson</u> hearing, correctly noting that a trial court need not conduct a <u>Nelson</u> inquiry where the

---

[1] <u>Faretta v. California</u>, 422 U.S. 806 (1975).

[2] In <u>Nelson v. State</u>, 274 So. 2d 256, 258-59 (Fla. 4th DCA 1973), the Fourth District held:

> [W]here a defendant, before the commencement of trial, makes it appear to the trial judge that he desires to discharge his court appointed counsel, the trial judge, in order to protect the indigent's right to effective counsel, should make an inquiry of the defendant as to the reason for the request to discharge. If incompetency of counsel is assigned by the defendant as the reason, or a reason, the trial judge should make a sufficient inquiry of the defendant and his appointed counsel to determine whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant.

defendant merely expresses general dissatisfaction with his attorney without specific allegations of what the attorney did wrong.[3]

However, Evans was not only requesting new counsel be appointed; if the trial court was not going to grant his request for new counsel, Evans wished to represent himself. Indeed, Evans' appointed counsel, Mr. Vereen, indicated to the trial court that Evans "wants to go pro se again." More importantly, after the trial court denied Evans' request for a Nelson hearing, but before the commencement of the probation violation hearing,[4] Evans made clear his request for self-representation:

> DEFENDANT: I'm invoking my right to counsel. Sir, I represent myself on Faretta -- I'm invoking my right to counsel.

---

[3] See, e.g., C.H. v. State, 116 So. 3d 629, 631 (Fla. 3d DCA 2013) ("[T]o trigger a [Nelson] hearing, a defendant must do more than merely express general dissatisfaction with his or her attorney. A Nelson hearing is required only when the defendant makes a 'clear and unequivocal' statement that he wishes to discharge appointed counsel, the discharge request is based on a claim of incompetence, and the alleged ineffectiveness arises from counsel's current representation." (quoting Laramee v. State, 90 So. 3d 341, 344 (Fla. 5th DCA 2012))).

[4] The timing is noteworthy because a defendant may waive his right to a Faretta hearing if the request for self-representation is not raised prior to trial. See, e.g., Laramee v. State, 90 So. 3d 341, 345 (Fla. 5th DCA 2012) (noting: "While a defendant's request for self-representation may be summarily denied if not timely asserted, ordinarily, a request is timely if made prior to the trial's commencement." (citing Pasha v. State, 39 So. 3d 1259, 1262 (Fla. 2010) (reversing conviction where trial court denied defendant's self-representation request made just prior to jury selection)).

3

COURT: Mr. -- Mr. Evans, be quiet.

DEFENDANT: I'm invoking my right to counsel.

COURT: Sir, you are represented by Mr. Vereen, now.

DEFENDANT: **I want to represent myself. I said we got to have a Faretta hearing.**

COURT: **No. No.**

DEFENDANT: **I'm comfortable representing myself.** I'm comfortable I can do initial briefings. I can finish my initial briefings. I can -- I can -- **I can do this on my own. So you can't force the law upon me. You can't force claim to be represented by an attorney that's been rejected.**

COURT: I can and I do.

(Emphasis added).

Thereafter, the probation violation hearing proceeded, and Mr. Vereen continued to represent Evans throughout the proceeding, lodging objections, cross-examining the State's witness and conducting a direct examination of Evans. At the conclusion of the hearing, the trial court found Evans in violation of his probation, and sentenced Evans to life in prison. This appeal followed.

While it's true that we apply an abuse of discretion standard when reviewing a trial court's denial of a request for self-representation following a proper inquiry, it is also true that "a trial court's failure to take the preliminary

4

step of holding a hearing on a defendant's unequivocal pro se request results in per se reversible error." McCray v. State, 71 So. 3d 848, 864 (Fla. 2011).

As explained by the United States Supreme Court in Indiana v. Edwards, 554 U.S. 164 (2008), a criminal accused's right to self-representation finds its roots in the Federal Constitution:

> The Court's foundational "self-representation" case, Faretta, held that the Sixth and Fourteenth Amendments include a "constitutional right to proceed *without* counsel when" a criminal defendant "voluntarily and intelligently elects to do so." The Court implied that right from: (1) a "nearly universal conviction," made manifest in state law, that "forcing a lawyer upon an unwilling defendant is contrary to his basic right to defend himself if he truly wants to do so,"; (2) Sixth Amendment language granting rights to the "accused"; (3) Sixth Amendment structure indicating that the rights it sets forth, related to the "fair administration of American justice," are "persona[l]" to the accused; (4) the absence of historical examples of *forced* representation; and (5) " 'respect for the individual' ". . . .

Id. at 170-71 (internal citations omitted).

In the instant case, Evans clearly and unequivocally requested to represent himself, and expressly requested the trial court conduct a Faretta hearing ("I want to represent myself. I said we got to have a Faretta hearing."). As a result, the trial court's obligation was equally clear and unequivocal:

> [O]nce a defendant elects to make an unequivocal request for self-representation, pursuant to Faretta and this Court's precedent, the trial court is obligated to hold a hearing "to

5

determine whether the defendant is knowingly and intelligently waiving his right to court-appointed counsel."

McCray, 71 So. 3d at 864 (quoting Tennis v. State, 997 So. 2d 375, 378 (Fla. 2008); see also Fla. R. Crim. P. 3.111(d)(2)-(3).[5]

The trial court's failure to conduct a Faretta inquiry in response to Evans' unequivocal request for self-representation requires reversal, and is not subject to harmless error analysis. See Tennis v. State, 997 So. 2d 375, 379 (Fla. 2008) ("Under our clear precedent, and that of the district courts of appeal, the trial court's failure to hold a Faretta hearing in this case to determine whether Tennis could represent himself is per se reversible error."); State v. Young, 626 So. 2d 655 (Fla. 1993) (finding the harmless

---

[5] Florida Rule of Criminal Procedure 3.111(d)(2) and (3) provide:

(2) A defendant shall not be considered to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry has been made into both the accused's comprehension of that offer and the accused's capacity to make a knowing and intelligent waiver. Before determining whether the waiver is knowing and intelligent, the court shall advise the defendant of the disadvantages and dangers of self-representation.

(3) Regardless of the defendant's legal skills or the complexity of the case, the court shall not deny a defendant's unequivocal request to represent himself or herself, if the court makes a determination of record that the defendant has made a knowing and intelligent waiver of the right to counsel, and does not suffer from severe mental illness to the point where the defendant is not competent to conduct trial proceedings by himself or herself.

error analysis inapplicable to a trial court's failure to conduct a proper <u>Faretta</u> inquiry); <u>Rodriguez v. State</u>, 982 So. 2d 1272 (Fla. 3d DCA 2008) (same); <u>Sherrod v. State</u>, 397 So. 3d 1024, 1027 (Fla. 4th DCA 2024) (noting "the Florida Supreme Court has determined that Faretta violations at a critical stage of the criminal proceeding are 'per se reversible error.' Thus, harmless error analysis is not available here."); <u>Flournoy v. State</u>, 47 So. 3d 403 (Fla. 2d DCA 2010).

We therefore reverse the revocation of probation order and the sentence imposed, and remand for further proceedings consistent with this opinion.[6]

Reversed and remanded.

---

[6] We note that the probation revocation order contains apparent post hoc language by the trial court to support its decision not to conduct a <u>Faretta</u> hearing in the face of an unequivocal request for self-representation. On appeal, Evans contends that several statements within the trial court's revocation order find no support in the record on appeal and demonstrate a bias and prejudice against Evans. Indeed, Evans' brief requests that, should we reverse, the case should be remanded for further proceedings before a different judge in light of the trial judge's alleged bias. We decline the invitation to reach the merits of this claim in the first instance, but do so without prejudice to Evans raising the issue before the trial court on remand.